THE STATE OF OHIO, APPELLANT, *v.* EARLENBAUGH, APPELLEE.

[Cite as State *v.* Earlenbaugh (1985), 18 Ohio St. 3d 19.]

(No. 84-1087—Decided June 19, 1985.)

*Norman E. Brague,* director of law, for appellant.
*Ellis B. Brannon* and *Patricia Walker,* for appellee.

WRIGHT, J. R.C. 4511.20 provides, in its entirety, that: "No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property."

The instant case presents essentially a single issue involving the interpretation and application of this statutory provision: whether a person may be convicted of violating R.C. 4511.20 based upon a finding that he operated a vehicle in wanton disregard of the safety of others without further concluding that such operation was also in willful disregard of the safety of others. The court of appeals held that operating a vehicle in wanton disregard of the safety of others, standing alone, did not constitute a violation of R.C. 4511.20, absent a corresponding finding of willful disregard. The court of appeals premised this holding upon its determination that R.C. 4511.20 was impermissibly indefinite and incapable of uniform application in violation of both the Due Process Clause and the

Equal Protection Clause of the United States Constitution. We now reverse.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that the language of a criminal statute must be sufficiently definite "to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *United States* v. *Harriss* (1954), 347 U.S. 612, 617; *Papachristou* v. *City of Jacksonville* (1972), 405 U.S. 156, 162. The Due Process Clause prohibits the states from holding an individual "criminally responsible for conduct which he could not reasonably understand to be proscribed." *United States* v. *Harriss, supra,* at 617; *Wainwright* v. *Stone* (1973), 414 U.S. 21, 22; *Rose* v. *Locke* (1975), 423 U.S. 48, 49. The constitutional requirement of definiteness, however, does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes contain some inherent vagueness. As noted by the Supreme Court of the United States, " '[i]n most English words and phrases there lurk uncertainties.' * * * Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid. * * * All the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." *Rose* v. *Locke, supra,* at 50; cf. *Nash* v. *United States* (1913), 229 U.S. 373; *United States* v. *National Dairy Products Corp.* (1963), 372 U.S. 29.

This standard, as articulated by the Supreme Court, is clearly satisfied in the present case. While we recognize that the statutory terms "willful" and "wanton" represent two differing degrees of culpability, see *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114, 118, fn. 4 [4 O.O.3d 243], and that the legislature has failed to expressly define these terms, we are nevertheless convinced that the language of R.C. 4511.20 is sufficiently definite to provide clear and adequate notice of the conduct proscribed therein.

Under the language of the statute, a person is prohibited from operating a vehicle in willful or wanton disregard of the safety of persons or property. Contrary to the holding of the court of appeals, we believe that the statute simply provides two definite and clear bases upon which a finding of guilt may be premised.[1] A person may be found guilty of violating R.C. 4511.20 if he acts willfully. Such conduct implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse. Black's Law Dictionary (5 Ed. 1979) 1434. Or, conversely, R.C. 4511.20 is violated when a person acts wantonly in disregard of the safety of others. A wanton act is an act done in reckless disregard of the rights of others which evinces a reckless indifference of the consequences to the

---

[1] There exist numerous other Ohio statutes which provide alternative elements of culpability. See, *e.g.,* R.C. 2903.01, 2903.03, 2903.13, and 2911.21.

life, limb, health, reputation, or property of others. *Id.* at 1419.[2] Similarly, when the operator of a vehicle, with full knowledge of the surrounding circumstances, recklessly and inexcusably disregards the rights of other motorists, his conduct may be characterized as wanton. *Hawkins* v. *Ivy, supra.*

Indeed, we are hard-pressed to identify two related statutory terms which are as well-established, clear, and definite in meaning under our legal jurisprudence as the terms "willful" or "wanton." *Lancaster* v. *State* (1951), 83 Ga. App. 746, 756, 64 S.E. 2d 902, 909. The great majority of the courts which have considered essentially identical reckless driving statutes have upheld their validity against arguments that these statutes were unconstitutionally vague and indefinite. See *Byrd* v. *State* (Fla. 1980), 390 So. 2d 697; *Wilson* v. *State* (1980), 245 Ga. 49, 262 S.E. 2d 810; *Garcia* v. *State* (Tex. Crim. App. 1973), 498 S.W. 2d 936; *Lancaster* v. *State, supra; People* v. *Smith* (1939), 36 Cal. App. 2d 748, 92 P. 2d 1039; *People* v. *Steel* (1939), 35 Cal. App. 2d 748, 92 P. 2d 815; *People* v. *Green* (1938), 368 Ill. 242, 13 N.E. 2d 278; Annotation, Statute Prohibiting Reckless Driving: Definiteness and Certainty (1950), 12 A.L.R. 2d 580. Based on the foregoing, we find that Ohio's reckless operation statute, R.C. 4511.20, is sufficiently definite to give a person of ordinary intelligence fair notice of the conduct proscribed therein and, thus, such statute is not unconstitutionally vague, indefinite, or uncertain.

Likewise, we find that neither the terminology nor the application of R.C. 4511.20 is violative of the appellee's right to equal protection of the laws. The guaranty of equal protection of the laws ensures that no person or class of persons shall be denied the same protection of the laws as is enjoyed by other persons or classes in the same locale or under the same circumstances. *Chambers* v. *Owens-Ames-Kimball Co.* (1946), 146 Ohio St. 559 [33 O.O. 60]; *Hamann* v. *Heekin* (1913), 88 Ohio St. 207; *Roth* v. *Public Employees Retirement Bd.* (1975), 44 Ohio App. 2d 155 [71 O.O.2d 240]. There is not a scintilla of evidence which indicates to us that R.C. 4511.20 is violative of the Equal Protection Clause either facially or as applied. The statute does not raise equal protection concerns but merely provides two types of culpability upon which a finding of guilt may be based. Nor is there any proof that the statute has been applied in a discriminatory, nonuniform manner. Every person or class of persons accused of reckless operation in Ohio, under R.C. 4511.20, is subject to the same requirements of the statute, and, as such, may be convicted of one of two similar, though distinct, types of behavior. Thus, we find no violation of appellee's right to equal protection in the present case.

The judgment of the court of appeals is therefore reversed. The cause is remanded to that court to determine, pursuant to the error assigned

---

[2] We do not intend these definitions to supersede the corresponding culpable mental states as defined by the legislature in R.C. 2901.22. We feel instead that the corresponding definitions are substantially similar in wording and effectively identical in meaning.

below, whether there was sufficient evidence to support the trial court's finding that the appellee violated R.C. 4511.20 by operating a vehicle in wanton disregard of the safety of persons or property.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

