THE STATE OF OHIO, APPELLEE, *v.* EARLENBAUGH, APPELLANT.

(No. 1269 — Decided October 9, 1985.)

*Norman E. Brague,* law director, for appellee.
*Ellis B. Brannon,* for appellant.

GEORGE, P.J. The matter is before us on remand from the Ohio Supreme Court for a determination of whether there was sufficient evidence to support the trial court's finding Leo R. Earlenbaugh guilty of reckless operation pursuant to R.C. 4511.20. This court affirms the conviction.

Earlenbaugh was cited about midnight April 22, 1983, after allegedly nearly striking State Trooper Joe Anderson with his semi-tractor-trailer on northbound Interstate 71, near the intersection with Interstate 76. Trooper Anderson had stopped to assist another officer. His patrol car was parked on the berm of the road behind the other cruiser, angled slightly with the front end toward the roadway. Both vehicles had lights and flashers activated.

Anderson was standing next to the driver's side of the other patrol car, between the car and the berm line of the highway, when he saw two semi-tractor-trailer rigs approaching, side by side. Anderson testified they both were "running hard" and that neither slowed down as they came near him. Earlenbaugh's rig, he said, crossed over the white edge line, forcing him to flatten himself against the other cruiser to avoid being hit. He estimated the rig came within six inches of him and the cruiser. In his report, he claimed Earlenbaugh deliberately drove over the line "in an apparent attempt to see how close he could get to me."

Earlenbaugh denied ever crossing over the white line. He said he reduced his speed when he saw Anderson and introduced a mechanically reproduced chart purporting to show that the rig did indeed slow to about forty miles per hour at about the time of the incident. He said he realized Anderson was very close to the edge of the road, but that he wasn't worried about hitting him.

Anderson gave chase and stopped Earlenbaugh some six to seven miles down the road. The trial court found that the rig had crossed over the line and concluded that "the act of crossing the line was in wanton disregard of the safety of Trooper Anderson and his vehicle." On appeal, this court (Quillin, J., dissenting) reversed, finding the statute to be impermissibly vague. The Supreme Court granted leave to appeal and reversed, finding the language of the statute was sufficiently definite to provide clear and adequate notice of the conduct proscribed therein. (See *State* v. *Earlenbaugh* [1985], 18 Ohio St. 3d 19.) The case was remanded with instructions to review pursuant to the error originally assigned, that being:

"The trial court erred in finding the defendant guilty of reckless operation in violation of section 4511.20 of the Ohio Revised Code in that there was insufficient evidence to support a finding that defendant was guilty beyond a reasonable doubt."

R.C. 4511.20 provides:

"No person shall operate a vehicle * * * on any street or highway in willful or wanton disregard of the safety of persons or property."

Prior to March 16, 1983, this statute merely proscribed the operation of vehicles without due regard for the safety of persons or property. As amended, the statute requires a showing of "willful or wanton disregard" of the safety of persons or property.

In its opinion, *State* v. *Earlenbaugh* (1985), 18 Ohio St. 3d 19, the Supreme Court said this language provides two definite and clear bases upon which a finding of guilt may be premised:

"* * * A person may be found guilty of violating R.C. 4511.20 if he acts willfully. Such conduct implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse. Black's Law Dictionary (5 Ed. 1979) 1434. Or, conversely, R.C. 4511.20 is violated when a person acts wantonly in disregard of the safety of others. A wanton act is an act done in reckless disregard of the rights of others which evinces a reckless indifference of the consequences to the life, limb, health, reputation, or property of others. *Id.* at 1419. Similarly, when the operator of a vehicle, with full knowledge of the surrounding circumstances, recklessly and inexcusably disregards the rights of other motorists, his conduct may be characterized as wanton. *Hawkins* v. *Ivy* * * * [(1977), 50 Ohio St. 2d 114, (4 O.O. 3d 243)]." *Id.* at 21-22.

It is sufficient then to convict under R.C. 4511.20 upon a finding of "reckless disregard of the rights of others," evincing indifference to the safety of others or their property. The evidence here is contradictory, but the trial court could choose to believe the testimony of the trooper, a man with five years' experience who had investigated some eight hundred to nine hundred accidents on the highway, over the self-serving testimony of the truck driver. Earlenbaugh said he saw the cruisers, but was unable to get over into the other lane because another trailer-truck was passing him. He also testified he didn't "grab" his trailer brakes because he was pulling an empty trailer and that would have been dangerous. Yet, at another point, he said:

"* * * [W]hen I first seen the patrol car I didn't know it was nearly as close to the edge of the paved part of the road as it was 'cause if I had of then *I would have backed off to where I could have got over in the other lane or done whatever I had to do* but I didn't know it was that close * * *." (Emphasis added.)

In addition, the speed chart Earlenbaugh offered was not persuasive in that it was subject to various interpretations. There was no testimony as to how it measured the vehicle speed or how accurate it might be. The trooper was emphatic in his testimony that the rig crossed over the berm line directly in front of him. He said he observed it beginning to veer toward the line some distance down the road.

It is clear from the testimony that Earlenbaugh recognized the potential for danger, yet he proceeded with reckless disregard for the trooper's safety when he swerved over the line within six inches of the trooper and the cruiser. Judgments supported by some competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. The assignment of error is overruled and the conviction is affirmed.

*Judgment affirmed.*

QUILLIN, J., concurs.

MAHONEY, J., dissents.