### State v. Craver
*[Cite as 8 AOA 240]*

Case No. 90-CA-14
Guernsey County, (5th)

*Decided December 6, 1990*

*Andy Rocker, Cambridge City Law Director, P.O. Box 567, 827 Steubenville Avenue, Cambridge, Ohio, 43725, for Plaintiff-Appellee.*

*Karen E. Sheffer, Baker & Hostetler, 65 East State Street, Columbus, Ohio 43215, for Defendant-Appellant.*

GWIN. J.

Defendant-appellant, James B. Craver (appellant), appeals from the judgment entered by the Cambridge Municipal Court of Guernsey County, wherein it found appellant guilty of the charge of reckless operation in violation of R.C. 4511.20. Appellant seeks our review and assigns the following as error:

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FINDING THE DEFENDANT-APPELLANT GUILTY OF RECKLESS OPERATION IN VIOLATION OF SECTION 4511.20 OF THE OHIO REVISED CODE IN THAT THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A FINDING THAT DEFENDANT-APPELLANT WAS GUILTY BEYOND A REASONABLE DOUBT AND THAT SUCH A FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

Pursuant to App. R. 9(C), the following facts were approved by the trial court.

On August 27, 1989, at approximately 3:50 a.m., Trooper Starling of the Ohio State Highway Patrol was traveling eastbound on Interstate 70 when he observed appellant's vehicle traveling westbound on the same interstate. The trooper's radar unit clocked appellant's vehicle traveling at a speed of 81 mph in a 65 mph zone. As the trooper began to make a U-turn across the interstate's median, he observed appellant's vehicle exit the interstate at Exit 193. Although the trooper lost sight of appellant's vehicle momentarily because of fog in the area, he

observed appellant's vehicle failing to stop at a stop sign at the end of the off-ramp. The trooper estimated that appellant's vehicle drove through the stop sign at 25 mph.

Upon stopping appellant's vehicle, the trooper issued appellant a citation for reckless operation and explained to appellant that it was customary to combine a speeding violation and a failure to stop at a stop sign violation as one violation for reckless operation.

The trial court found appellant guilty of reckless operation and sentenced appellant accordingly.

R.C. §4511.20 provides:

"No person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property."

In *State v. Earlenbaugh* (1985), 18 Ohio St. 3d 19, 21-22, the Ohio Supreme Court held that:

"A person may be found guilty of violating R.C. §4511.20 if he acts willfully. Such conduct implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse. *Black's Law Dictionary* (5 Ed. 1979) 1434. Or conversely, R.C. 4511.20 is violated when a person acts wantonly in disregard of the safety of others. A wanton act is an act done in reckless disregard of the rights of others which evinces a reckless indifference of the consequences to the life, limb, health, reputation, or property of others. *Id.* at 1419. Similarly, when the operation of a vehicle, with full knowledge of the surrounding circumstances recklessly and inexcusably disregard's the rights of other motorists, his conduct may be characterized as wanton." *Hawkins v. Ivy* (1977), 50 Ohio St. 2d 114.

It is appellant's position that there is no evidence that he operated his motor vehicle in a reckless manner. We agree.

In *State v. Brown* (1988), 38 Ohio St. 3d 305, syllabus 4, the Ohio Supreme Court held that when "reviewing a claim that a jury verdict was against the weight of the evidence, or that the evidence was insufficient, a reviewing court's duty is to review the records to determine whether there was insufficient evidence for the jury to find defendant guilty beyond a reasonable doubt." See, also, *Jackson v. Virginia* (1979), 443 U.S. 307, 19 ([T]he relevant question is whether,

after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt).

Upon review of the evidence in this case, we find there is insufficient evidence as a matter of law to find appellant guilty of reckless operation. There is no evidence that appellant operated his vehicle in willful or wanton disregard of the safety of persons or property. There was no evidence of other motorists on the interstate or streets in question except for appellant's and the trooper's vehicles. The trooper never testified that he feared for his or other's safety, or that appellant's vehicle was out of control and posed a threat to other's property.

Accordingly, we sustain appellant's sole assignment of error, reverse the judgment of conviction and sentence in this matter, and enter final judgment of acquittal pursuant to App. R. 12.

PUTMAN, P.J., concurs and HOFFMAN, J., dissents.