CITY of BRUNSWICK, Appellee,

v.

BILSKI, Appellant.

[Cite as *Brunswick v. Bilski* (1991), 71 Ohio App.3d 557.]

Court of Appeals of Ohio,
Medina County.

No. 1949.

Decided March 27, 1991.

---

*Joseph A. Gambino,* Prosecuting Attorney, for appellee.

*Brent L. English,* for appellant.

CACIOPPO, Judge.

On July 16, 1990, the appellant, Gary Bilski, and Kristen Galinski were proceeding northbound on Pearl Road in the city of Brunswick. Bilski was in the right-hand lane and Galinski was in the left-hand lane approaching an area where the lanes merged down to one lane. At the point of the lanes' convergence, Bilski's vehicle proceeded in front of Galinski's vehicle at which time Galinski sounded her horn, believing that Bilski had cut her off by improperly merging into her lane of travel. Following the sounding of Galinski's horn, Bilski brought his vehicle to a stop in the middle of the northbound lane of Pearl Road, and Galinski, unable to stop, struck Bilski's vehicle.

As a result of the accident, Bilski was charged with reckless operation and improper lane usage. The case proceeded to a bench trial wherein the state called Galinski, the investigating officer, and an independent witness who had observed the accident. Bilski testified in his own defense. At the close of the state's case, the improper lane usage charge was dismissed upon Bilski's motion. The trial court found Bilski guilty of reckless operation.

### Assignment of Error

"The state failed to prove that Gary Bilski either intentionally or wantonly drove his vehicle in a manner as to disregard the safety or property of Kristen Galinski."

Brunswick Ordinance 434.02(a), under which Bilski was convicted, essentially mirrors R.C. 4511.20. The ordinance provides:

" * * * No person shall operate a vehicle on any street or highway in willful or wanton disregard of the safety of persons or property."

The Supreme Court of Ohio, in analyzing R.C. 4511.20, stated:

"Under the language of the statute, a person is prohibited from operating a vehicle in willful or wanton disregard of the safety of persons or property.

* * * we believe that the statute simply provides two definite and clear bases upon which a finding of guilt may be premised. A person may be found guilty of violating R.C. 4511.20 if he acts willfully. Such conduct implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse. * * * Or, conversely, R.C. 4511.20 is violated when a person acts wantonly in disregard of the safety of others. A wanton act is an act done in reckless disregard of the rights of others which evinces a reckless indifference of the consequences to the life, limb, health, reputation, or property of others. * * * Similarly, when the operator of a vehicle, with full knowledge of the surrounding circumstances, recklessly and inexcusably disregards the rights of other motorists, his conduct may be characterized as wanton. * * * " (Footnotes and citations omitted.) *State v. Earlenbaugh* (1985), 18 Ohio St.3d 19, 21–22, 18 OBR 16, 17–19, 479 N.E.2d 846, 848–850.

We have reviewed the record of the trial court and find that there was substantial evidence upon which the trial court could find that Bilski's conduct satisfied both the wanton and willful standards as defined by the Supreme Court in *Earlenbaugh*. There was evidence to the effect that Bilski, while in the flow of traffic, responded to the sounding of Galinski's horn by shouting an obscenity and slamming on his brakes, abruptly stopping his vehicle in a lane of moving traffic immediately after pulling in front of Galinski's vehicle. This action is of such a nature that the trial court could properly conclude that it was intentional, designed, knowing, and without justifiable excuse. The trial court could also properly conclude that the acts were done in reckless disregard of the rights of other motorists and evinced a reckless indifference to the person and property of others.

Accordingly, the assignment of error is without merit and is hereby overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

Quillin, P.J., and Baird, J., concur.