{¶ 22} I concur in the judgment and opinion as to the second assignment of error. However, I concur in judgment only as to the first assignment of error. I write separately to explain my reason.
 {¶ 23} The Supreme Court of Ohio has held that R.C. 4511.20, the reckless operation statute, "provides two definite and clear bases upon which a finding of guilt may be premised." State v. Earlenbaugh (1985),18 Ohio St.3d 19, 21. One "may be found guilty of violating R.C. 4511.20
if he acts willfully" which "implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse." Id., citing Black's Law Dictionary (5 Ed.1979) 1434. In my view, the mere fact that Bird had an excessive number of people in his car does not amount to a willful disregard of the persons in the car. *Page 11 
 {¶ 24} Further, "R.C. 4511.20 is violated when a person acts wantonly in disregard of the safety of others" which constitutes an act "done in reckless disregard of the rights of others which evinces a reckless indifference of the consequences to the life, limb, health, reputation, or property of others." Id. at 21-22. Thus, "[t]o establish a motorist's wanton misconduct, it must be shown that the motorist failed to exercise any care whatsoever toward those to whom he or she owes a duty, and also that such failure occurred under circumstances in which there was a great probability that harm would result." 8 Ohio Jur. 3d Automobiles and Other Vehicles § 470, citing Pisel v. ITT Continental BakingCo. (1980), 61 Ohio St. 2d 142; Peoples v. Willoughby (1990),70 Ohio App. 3d 848.
 {¶ 25} Here, in my view, other than the fact that Bird had an excessive number of persons in his car, which likely increased the probability that harm could result to the passengers, there is no evidence that Bird failed to exercise any and all degree of care to those passengers. There was no evidence that Bird was driving in an erratic manner, speeding, or otherwise failed to exercise any and all care owed to those passengers. In fact, Officer Arbaugh testified that, other than having a large number of passengers in the car, he was otherwise driving lawfully. Thus, I do not believe that Officer Arbaugh had reasonable suspicion to believe that Bird was violating R.C. 4511.20
by engaging in the reckless operation of his vehicle merely because he had a large number of passengers in his car.
 {¶ 26} However, in my view, there was objective reasonable suspicion to believe Bird was violating R.C. 4511.70, as argued by the state in the trial court. R.C. 4511.70 provides that, "[n]o person shall drive a vehicle or trackless trolley when it is so loaded, or when there are in the front seat such number of persons, as to obstruct the view of *Page 12 
the driver to the front or sides of the vehicle or to interfere with the driver's control over the driving mechanism of the vehicle." In this case, Officer Arbaugh specifically saw two passengers in the single front passenger seat of Bird's PT Cruiser, one sitting on the other's lap. Based upon this fact alone, I believe that it was reasonable for Officer Arbaugh to suspect that Bird's view to the right side of his car was obstructed by the extra passenger in the front seat in violation of R.C. 4511.70. Whether the state could ultimately convict Bird for a violation of R.C. 4511.70 is irrelevant.
 {¶ 27} The Supreme Court of Ohio consistently holds that reviewing courts are not authorized to reverse correct judgments because the trial court relied on an erroneous basis for that otherwise correct judgment.Myers v. Garson, 66 Ohio St.3d 610, 614, 1993-Ohio-9; Joyce v. GeneralMotors Corp. (1990), 49 Ohio St.3d 93; see, also, State v. Jones, Washington App. No. 03CA61, 2004-Ohio-7280, at]}43. As such, I would affirm the trial court's denial of Bird's motion to suppress on other grounds. Thus, I would conclude that Officer Arbaugh was justified in stopping Bird's vehicle because Arbaugh had reasonable suspicion to believe that Bird was violating R.C. 4511.70.
 {¶ 28} Accordingly, I concur in judgment only as to the first assignment of error. *Page 1