[Cite as *State v. Melvin*, 2011-Ohio-6418.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| CLARISSA LYNN MELVIN | : | Case No. 11-COA-016 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

**NUNC PRO TUNC**

CHARACTER OF PROCEEDING:          Appeal from the Municipal Court, Case
                                                              No. 11-TRD-00634

JUDGMENT:                                       Reversed

DATE OF JUDGMENT:                      December 13, 2011

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

DAVID M. HUNTER                          ADAM VAN HO
1213 East Main Street                       137 South Main Street
Ashland, OH  44805                          Suite 201
                                                              Akron, OH  44308

*Farmer, J.*

{¶ 1} On February 6, 2011, appellant, Clarissa Melvin, observed three puppies on the side of the interstate. She attempted to flag down a passing patrol car being operated by Ashland County Sheriff's Deputy, Sergeant Donald Sims. Sergeant Sims did not stop, but pursued a speeding vehicle instead. He stopped the speeding vehicle at the entrance to an exit ramp. As Sergeant Sims was talking to the driver of the speeding vehicle, appellant drove by and honked her horn.

{¶ 2} Sergeant Sims stopped appellant and charged her with reckless operation in violation of R.C. 4511.20. A bench trial was held on February 23, 2011. By judgment order filed March 28, 2011, the trial court found appellant guilty and ordered her to pay a fine of $150.00 plus court costs.

{¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 4} "APPELLANT'S CONVICTION FOR RECKLESS OPERATION IS BASED ON INSUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF SECTION 4511.20 OF THE OHIO REVISED CODE, THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

I

{¶ 5} Appellant claims her conviction for reckless operation was against the sufficiency and manifest weight of the evidence as the evidence presented failed to

establish that her driving was in willful or wanton disregard for the safety of persons or property.  We agree.

{¶ 6}  On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State v. Jenks* (1991), 61 Ohio St.3d 259.  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307.  On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Martin* (1983), 20 Ohio App.3d 172, 175.  See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52.  The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *Martin* at 175.

{¶ 7}  Appellant was cited for violating R.C. 4511.20(A) which states, "[n]o person shall operate a vehicle, trackless trolley, or streetcar on any street or highway in willful or wanton disregard of the safety of persons or property."  In *State v. Ducheine,* Licking App. No. 09 CA 0096, 2010-Ohio-3122, ¶13, this court defined "willful or wanton" as follows:

{¶ 8}  "The Ohio Supreme Court has held that willful conduct 'implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse.'

*State v. Earlenbaugh* (1985), 18 Ohio St.3d 19, 21, 479 N.E.2d 846, citing Black's Law Dictionary (5 Ed.1979) 1434. Wanton conduct, on the other hand, is defined as 'an act done in reckless disregard of the rights of others which evinces a reckless indifference of the consequences to the life, limb, health, reputation, or property of others.' Id. at 21-22."

{¶ 9} Sergeant Sims testified on the day in question, he observed a speeding vehicle on I-71. T. at 6. As he pulled out to stop the vehicle, he observed appellant "sitting along side the road. And I thought maybe she was a disabled vehicle or something." Id. As Sergeant Sims drove by appellant, he perceived her to look "angered that I didn't stop behind her when I pulled out from where I was sitting." Id. Appellant "was waiving her hands out the window and kind of mouthing, you know, kind of like she was angry." Id.

{¶ 10} Sergeant Sims pursued the speeding vehicle and stopped it at the "entrance to the exit ramp up to 250" off of I-71. T. at 7-8. As he was talking to the driver, Sergeant Sims noticed a vehicle coming up behind him fast, approximately ten feet away. T. at 9-10. The driver of this vehicle "started laying on its horn back at my cruiser***[a]nd it continued on past me and all the way past the car***that I had pulled over." T. at 10. Sergeant Sims recognized the vehicle as the same vehicle which he had observed earlier being operated by appellant. Id. Sergeant Sims testified appellant's vehicle was "going at a pretty good clip up the exit ramp." T. at 11. It was his opinion that appellant's "actions were definitely causing a hazard in that area." T. at 14-15.

{¶ 11} Appellant testified she observed three puppies on the side of I-71 so she pulled over and waved out the window to get Sergeant Sims's attention for help. T. at 18-19. She observed Sergeant Sims pull out and drive by her and she decided to leave because "I thought he was doing his thing" with the speeding vehicle and "it wasn't like a huge deal." T. at 19. As she pulled onto the interstate, a van dropped in behind her and honked at her. T. at 19-20. She honked back which happened to be as she was exiting the interstate and passing Sergeant Sims. T. at 20. Appellant testified she "thought I was a fine distance away from him, because there was no other lane to get into since it's an off ramp." Id. In addition, appellant testified she "slowed down immediately" because "it's a short exit ramp. You can't just go flying up an exit ramp and then, I mean, my brakes don't work that well." T. at 24.

{¶ 12} Although it is clear from the testimony of both Sergeant Sims and appellant that appellant did not move over pursuant to R.C. 4511.23, it is also clear that Sergeant Sims had stopped the speeding vehicle at the very beginning of the exit ramp. The logical conclusion is that a total reduction in speed would not have been practical or safe for appellant. The testimony relative to appellant's speed was vague. This, coupled with the ten feet distance between appellant's vehicle and Sergeant Sims, leads us to the conclusion that there was insufficient evidence of recklessness to support a conviction of R.C. 4511.20.

{¶ 13} Upon review, we find the trial court erred in convicting appellant of violating R.C. 4511.20 under the facts of this case.

{¶ 14} The sole assignment of error is granted.

{¶ 15} The judgment of the Municipal Court of Ashland County, Ohio is hereby reversed.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.


s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ Julie A. Edwards_____

JUDGES


SGF/sg110

[Cite as *State v. Melvin*, 2011-Ohio-6418.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | |
| | : | | |
| Plaintiff-Appellee | : | | |
| | : | | |
| -vs- | : | JUDGMENT ENTRY | |
| | : | | |
| CLARISSA LYNN MELVIN | : | **NUNC PRO TUNC** | |
| | : | | |
| Defendant-Appellant | : | CASE NO. 11-COA-016 | |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio is reversed. Costs to appellee.

s/ Sheila G. Farmer _____

\_s/ William B. Hoffman_____

\_s/ Julie A. Edwards_____

JUDGES

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
         Plaintiff-Appellee             :
                                        :
                                        :
- vs -                                  :
                                        :        JUDGMENT ENTRY
CLARISSA LYNN MELVIN                     :
                                        :
         Defendant-Appellant            :        CASE NO. 11-COA-016
                                        :


        This Judgment Entry reflects the Opinion that was filed on November 30, 2011.

There was an error on the Judgment Entry page in regard to the disposition of the case.

        IT IS SO ORDERED.



                                        s/ Sheila G. Farmer_____


                                        _s/ William B. Hoffman_____


                                        _s/ Julie A. Edwards_____

                                                JUDGES