[Cite as *State v. Beekman*, 2015-Ohio-4227.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                     :

    Plaintiff-Appellee,                        :             CASE NO. CA2015-02-022

                                        :             O P I N I O N

    - vs -                                                             10/13/2015

                                          :

AARON D. BEEKMAN,                           :

    Defendant-Appellant.                       :

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 14 TRD 06087-B

Neal D. Schuett, Hamilton City Prosecutor, Timothy G. Werdmann, 345 High Street, Suite 710, Hamilton, Ohio 45011, for plaintiff-appellee

Meadows Law Firm, Jeffrey C. Meadows, Morgan A. Kohler, 5900 West Chester Road, Suite E, West Chester, Ohio 45069, for defendant-appellant

**RINGLAND, J.**

    {¶ 1} Defendant-appellant, Aaron D. Beekman, appeals his conviction in the Hamilton Municipal Court for reckless operation. For the reasons stated below, we affirm.

    {¶ 2} On November 12, 2014, appellant was cited for reckless operation. The citation stemmed from a collision between appellant and Michael Benge at the intersection of State Route 128 and the exit ramp from U.S. Highway 27 in Ross Township, Ohio. Appellant was

driving in front of Benge and was alleged to have "brake checked" Benge several times and then drove into an adjacent lane and swerved into the side of Benge's vehicle. The matter proceeded to a bench trial where appellant was found guilty as charged and was ordered to pay a $100 fine and court costs.

{¶ 3}   Appellant now appeals, asserting a sole assignment of error:

{¶ 4}   THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT GUILTY OF VIOLATING R.C. 4511.20 BECAUSE SAID CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 5}   Appellant argues his reckless operation conviction is against the manifest weight of the evidence.   A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997); *State v. Glover*, 12th Dist. Brown No. CA2015-01-002, 2015-Ohio-3707, ¶ 29.   To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).   While appellate review includes the responsibility to consider the credibility of witnesses and weight given to the evidence, these issues are primarily matters for the trier of fact to decide. *Glover* at ¶ 29.  An appellate court, therefore, will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *Thompkins* at 387, quoting *Martin* at 175.

{¶ 6}   Appellant was convicted of willful or wanton disregard of safety on highways

(reckless operation), in violation of R.C. 4511.20(A) which provides, "[n]o person shall operate a vehicle * * * on any street or highway in willful or wanton disregard of the safety of persons or property." In the context of R.C. 4511.20, willful conduct "implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse." *State v. Earlenbaugh*, 18 Ohio St.3d 19, 21 (1985), citing *Black's Law Dictionary* 1434 (5th Ed.1979). Wanton conduct, on the other hand, is defined as "an act done in reckless disregard of the rights of others which evinces a reckless indifference of the consequences to the life, limb, health, reputation, or property of others." *Id.* at 21-22.

{¶ 7} Upon a thorough review of the record, we find appellant's conviction for reckless operation was not against the manifest weight of the evidence. At trial, Benge testified he was traveling north on U.S. 27 and took the exit ramp to Route 128. The exit ramp had a traffic light and a left-turn lane to go west on Route 128. Route 128 westbound contained two lanes: a left-turn only lane for vehicles to re-enter southbound U.S. 27 and a right lane to proceed west on Route 128. The right lane is abutted by a shoulder. Benge explained that he was directly behind appellant on the exit ramp, waiting to turn left for Route 128. When traffic began to move, Benge followed closely to appellant's truck, and appellant "slammed on his brakes," "hit the gas real quick and then slammed [his brakes] again twice." After the intersection, appellant went to the left lane to re-enter U.S. 27 while Benge stayed in the right lane for west Route 128. Appellant then crossed the solid white line and struck the side of Benge's station wagon twice. He stated that the front bumper of appellant's truck struck the back of Benge's station wagon and then the back tire of appellant' truck went over Benge's front fender.

{¶ 8} The Ross Township police officer who investigated the crash testified he believed appellant swerved into Benge's vehicle. The police officer found broken glass from the mirror of Benge's station wagon in the right lane of travel on Route 128. He explained

that the location of the glass supported Benge's story that he was in the right lane when appellant came from the left lane and hit his station wagon. The officer also stated he believed the contact was intentional due to the "brake-checking" and the location of the damage on the vehicle.

{¶ 9} Appellant denies causing the collision and maintains that Benge drove into the side of his truck. Appellant testified that he was driving in the right lane of travel for Route 128 west and Benge, angry at being "brake checked," drove on the shoulder of the road, and swerved into appellant's truck. However, in finding appellant guilty of reckless operation, the trial court stated that while both Benge and appellant were credible, the police officer's testimony and the location of the glass supported Benge's version of events. The court also noted that the pictures of the damage to Benge's vehicle are consistent with Benge's story that appellant's tire went over Benge's front fender. After reviewing the record, we do not find that the trial court clearly lost its way and created such a manifest miscarriage of justice that appellant's conviction must be reversed. Appellant's sole assignment of error is overruled.

{¶ 10} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.