[Cite as *In re Z.W.*, 2018-Ohio-896.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

IN RE:

                                       CASE NO. 5-17-21

    Z.W.,

ALLEGED JUVENILE TRAFFIC            O P I N I O N
OFFENDER.


Appeal from Hancock County Common Pleas Court
Juvenile Division
Trial Court No. 20171069

Judgment Affirmed

Date of Decision:     March 12, 2018


APPEARANCES:

    *F. Stephen Chamberlain* **for Appellant**

    *Heather M. Pendleton* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Z.W., a minor, appeals the Hancock County Court of Common Pleas, Juvenile Division, July 11, 2017 judgment entry of sentence. For the reasons that follow, we affirm.

{¶2} On March 8, 2017, Findlay Police Department Office Cory Glick ("Officer Glick") initiated a traffic stop of the vehicle operated by Z.W. after Officer Glick observed that vehicle "slid[e] sideways for a few feet" before "straighten[ing] out and continu[ing] to travel * * * at a high rate of speed." (Doc. No. 1). There were two juvenile passengers in the vehicle that Z.W. was operating. (*Id.*). Z.W. was cited for willful or wanton disregard of safety on highways in violation of R.C. 4511.20, commonly known as reckless operation of a motor vehicle, a minor misdemeanor. (*Id.*).

{¶3} On March 14, 2017, Z.W. entered a written not-guilty plea. (Doc. No. 3). On June 26, 2017, a bench trial was held. (Doc. No. 15); (June 26, 2017 Tr. at 1). On July 11, 2017, the trial court issued its entry finding Z.W. to be a juvenile traffic offender under R.C. 2152.02(N) by virtue of his reckless operation. (Doc. No. 15). The trial court ordered Z.W. to pay a fine of $50 and $120 in court costs, converted Z.W.'s operator's license "back to temporary status until said child's eighteenth birthday, September 18, 2017," and suspended Z.W.'s license "for a period of six months, from September 18, 2017 until March 18, 2018." (*Id.*).

{¶4} On July 21, 2017, Z.W. filed a notice of appeal. (Doc. No. 16). He raises three assignments of error for our review, which we will address together.

**Assignment of Error No. I**

**The Conviction and finding that Wagner is a Juvenile Traffic Offender was against the Manifest Weight of the evidence presented at trial.**

**Assignment of Error No. II**

**The Conviction and finding that Wagner is a Juvenile Traffic Offender was not based upon Sufficient Evidence to support the judgment of the Trial Court**

**Assignment of Error No. III**

**The State failed to establish that Wagner's operation of a motor vehicle was with a willful or wanton disregard of the safety of persons or property**

{¶5} In his assignments of error, Z.W. argues that his reckless-operation conviction is based on insufficient evidence and against the manifest weight of the evidence.

{¶6} Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997). As such, we address each legal concept individually.

{¶7} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average

mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

{¶8} On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing

court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

{¶9} As an initial matter, we must address Z.W.'s argument that his reckless-operation conviction is against the manifest weight of the evidence. Although Z.W. asserts that he is challenging the weight of the evidence supporting his conviction in the statement of his first assignment of error, he fails to make any argument in support of that contention. *See State v. Yoder*, 9th Dist. Wayne No. 15AP0017, 2016-Ohio-7428, ¶ 22 ("[Mr. Yoder] fails to set forth 'any argument concerning the credibility of the evidence presented or the weight of the credible evidence.'"), quoting *State v. Schmitz*, 9th Dist. Lorain Nos. 11CA010043 and 11CA010044, 2012-Ohio-2979, ¶ 36, quoting *State v. Wilson*, 9th Dist. Summit No. 25100, 2011-Ohio-4072, ¶ 21. "[A] defendant has the burden of affirmatively demonstrating the error of the trial court on appeal." *State v. Stelzer*, 9th Dist. Summit No. 23174, 2006-Ohio-6912, ¶ 7, citing *State v. Cook*, 9th Dist. Summit No. 20675, 2002-Ohio-2646, ¶ 27. "Moreover, '[i]f an argument exists that can support this assignment of

error, it is not this court's duty to root it out.'" *Id.*, quoting *Cook* at ¶ 27. "App.R. 12(A)(2) provides that an appellate court 'may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *State v. Jackson*, 10th Dist. Franklin No. 14AP-670, 2015-Ohio-3322, ¶ 11, quoting App.R. 12(A)(2). "Additionally, App.R. 16(A)(7) requires that an appellant's brief include '[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.'" *Id.*, quoting App.R. 16(A)(7). Not only did Z.W. fail to include an argument regarding how his reckless-operation conviction is against the manifest weight of the evidence, but Z.W. failed to provide citations to the authorities, statutes, and parts of the record that support his argument. Accordingly, we decline to conduct a manifest-weight analysis on Z.W.'s behalf. *See Yoder* at ¶ 23, citing *Schmitz* at ¶ 36 and App.R. 16(A)(7). Therefore, we will address only Z.W.'s sufficiency-of-the evidence argument.

{¶10} R.C. 4511.20 sets forth the offense commonly known as reckless operation of a motor vehicle and provides, "No person shall operate a vehicle * * * on any street or highway in willful or wanton disregard of the safety of persons or

-6-

property." R.C. 4511.20(A). Therefore, to establish that Z.W. operated his vehicle recklessly, the State had to show that Z.W.: (1) operated a vehicle on any street or highway and (2) in a willful or wanton disregard of the safety of persons or property. *See State v. Tanner*, 9th Dist. Medina No. 3258-M, 2002-Ohio-2662, ¶ 23. Because Z.W. challenges only the willful-or-wanton element, we will address only whether the State presented sufficient evidence that Z.W. willfully or wantonly disregarded the safety of others or property.

{¶11} "[W]illful conduct 'implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse.'" *State v. Luikart*, 3d Dist. Marion No. 9-06-35, 2007-Ohio-770, ¶ 8, quoting *State v. Earlenbaugh*, 18 Ohio St.3d 19, 21 (1985). "Wanton conduct, on the other hand, is defined as 'an act done in reckless disregard of the rights of others which evinces a reckless indifference of the consequences to the life, limb, health, reputation, or property of others.'" *Id.*, quoting *Earlenbaugh* at 21-22.

{¶12} At trial, Officer Glick testified that he was observing traffic on Stadium Drive, a residential area in Findlay, Ohio on March 8, 2017. (June 26, 2017 Tr. at 10). According to Officer Glick, the weather that day was "dry," "[c]lear," and with "[g]ood visibility." (*Id.*). He testified that vehicles were parked on "the south side" of Stadium Drive. (*Id.* at 11). Regarding Z.W., he testified,

I was parked on the south side of Stadium Drive facing eastbound. I could hear a loud car behind my direction, which would have been to the west of me. Using my driver side view mirror, I was watching that direction when I observed a silver Lexus come off of Southwest Street on to Stadium Drive, sliding sideways. The vehicle then straightened out and continued at its high rate of speed past me. I do not know the speed of that vehicle and I did not have time to get that vehicle's speed.

(*Id.*). He testified that he could "see the side of the vehicle" that Z.W. was operating after it "turned the corner and accelerated." (*Id.* at 33). According to Officer Glick, he would have seen only "the headlights" of a vehicle if it was "traveling in a straight pattern down the road." (*Id.*). Officer Glick further testified that there were two passengers in the vehicle—both juveniles. (*Id.* at 13); (*See also id.* at 65, 81).

{¶13} Based on that evidence, we conclude that the State presented sufficient evidence that Z.W. operated his vehicle with a willful *and* wanton disregard of the safety of persons *and* property. That is, the State presented sufficient evidence that Z.W. "demonstrated a 'reckless disregard of the rights of others which evinces a reckless indifference of the consequences' to the safety and property of other motorists * * *; the evidence was also sufficient to show that [Z.W.], 'with full knowledge of the surrounding circumstances, recklessly and inexcusably disregards

-8-

the rights of other motorists.'" *State v. Vanoss*, 11th Dist. Trumbull No. 2009-T-0047, 2010-Ohio-1453, ¶ 13, quoting *Earlenbaugh* at 21-22. That is, when Z.W. operated his vehicle in a manner which caused it to slide around a corner, he did so with juvenile passengers in the vehicle and while other vehicles were parked along the side of the road. *Compare id.* (concluding that "Vanoss acted 'wantonly in disregard of the safety of others'" when he "passed several vehicles * * * causing one of the drivers to apply the brakes, a maneuver highly likely to cause the vehicle to spin out of control due to the precarious road conditions"). Furthermore, operating his vehicle in a manner that caused the vehicle to slide disregarded a known risk—the risk of losing control of the vehicle and wrecking. *See State v. Monigold*, 7th Dist. Columbiana No. 03 CO 25, 2004-Ohio-1554, ¶ 17 ("At the point that the vehicle began fishtailing and sliding across the road, the risk of losing control of the vehicle and wrecking became known. Continuing to drive in a manner that allowed the vehicle to fishtail and slide was disregarding the known risk.").

{¶14} Accordingly, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Z.W. willfully or wantonly disregarded the safety of others or property. As such, Z.W.'s reckless-operation conviction is based on sufficient evidence.

{¶15} Z.W.'s assignments of error are overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**