[Cite as *State v. Tudor*, 2019-Ohio-24.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2018-P-0018** <br> **2018-P-0024** |
| DANIEL L. TUDOR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Municipal Court, Ravenna Division, Case No. 2017 TRD 11363 R.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Abilgail M. Schock*, Assistant Public Defender, 209 South Chestnut Street, Suite 400, Ravenna, OH 44266 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Daniel Tudor, appeals his conviction for violating R.C. 4511.20 (Willful or wanton disregard of safety on highways) following a bench trial in the Portage County Municipal Court, Ravenna Division. The issue before this court is whether operating a bicycle on a public road in a commercial district without hands on the handle bars and/or failing to operate a bicycle as near as practicable to the right side of a roadway constitutes a violation of R.C. 4511.20, i.e., the willful and wanton

disregard for the safety of others. For the following reasons, we affirm the decision of the lower court.

{¶2} On August 24, 2017, Daniel Tudor was charged by way of a traffic citation with Obstructing Official Business, a misdemeanor of the second degree in violation of R.C. 2921.31; Reckless Operation, a minor misdemeanor in violation of R.C. 4511.20; and Driving in Marked Lanes, a minor misdemeanor in violation of R.C. 4511.33.

{¶3} On December 17, 2017, a bench trial was held. Prior to trial, the Obstructing Official Business charge was dismissed on the State's motion. Officer Heather Waldeck of the Ravenna City Police Department testified on behalf of the State.

{¶4} Officer Waldeck testified that, on August 23, 2017, between 5:00 and 5:30 p.m., she observed Tudor operating a bicycle eastbound on Main Street in the downtown commercial district. She described him as riding in the center of the lane, holding a McDonald's cup in his left hand, and flapping or waving his right hand. A dashcam video from Officer Waldeck's cruiser was entered into evidence.

{¶5} On January 26, 2018, the municipal court issued a Judgment Entry, finding Tudor guilty of Reckless Operation and not guilty of Driving in Marked Lanes. The court found as follows: "The Court finds that the video clearly depicts Defendant as operating his bicycle in the middle of Main Street with no hands on his handle bars. Further, Defendant failed to ride his bicycle as near to the right side of the roadway as practicable, in willful and wanton disregard to the safety of others."

{¶6} The municipal court sentenced Tudor to pay a fine of $50.00 and court costs.

{¶7} On March 23, 2018, Tudor filed a Notice of Appeal. On appeal, he raises the following assignment of error: "Appellant's convictions [sic] were against the manifest weight and sufficiency of the evidence."

{¶8} The manifest weight of the evidence and the sufficiency of the evidence are distinct legal concepts. *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, ¶ 44. With respect to the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶9} Whereas "sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, * * * weight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 25, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997). "In other words, a reviewing court asks whose evidence is more persuasive -- the state's or the defendant's?" *Id.* An appellate court considering whether a verdict is against the manifest weight of the evidence must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

3

{¶10} To convict Tudor of Reckless Operation, it was necessary for the State to prove, beyond a reasonable doubt, that Tudor "operate[d] a vehicle * * * on any street or highway in willful or wanton disregard of the safety of persons or property." R.C. 4511.20. "[W]hen the operator of a vehicle, with full knowledge of the surrounding circumstances, recklessly and inexcusably disregards the rights of other motorists, his conduct may be characterized as wanton." *State v. Earlenbaugh*, 18 Ohio St.3d 19, 22, 479 N.E.2d 846 (1985).[1]

{¶11} While Tudor presents the issue in terms of the sufficiency of the evidence and the manifest weight of the evidence, we view the issue as primarily one of sufficiency. There is no dispute about the manner in which Tudor was operating the bicycle and the video essentially corroborates Officer Waldeck's testimony on this point. Accordingly, we must decide if Tudor's conduct, viewed in a light most favorable to the prosecution, satisfied the elements of the statute.

{¶12} In support of reversal, Tudor argues he "maintained control of his bicycle the entire time he was riding." His position in the roadway (ranging from the center of the lane to the right of center) did not endanger other persons. Nor did the removal of his hands from the handle bars evince a disregard for the safety of others, inasmuch as drivers of motor vehicles may remove their hands from the steering wheel for brief periods of time without violating the statute.

{¶13} We hold that Tudor's conviction is sustained by the facts that he was operating his bicycle for periods of time with no hands on the handle bars while holding a cup in one hand and on a commercial street with traffic, parked cars, and pedestrians

---

1. Although the Supreme Court spoke in terms of "other motorists," the statute speaks more broadly of "persons," which we construe to include pedestrians as well as the operator of the vehicle in question.

4

present. Tudor's ability to steer or brake the bicycle in such conditions where the need to do so could arise suddenly was severely compromised by the manner in which he was riding, thereby endangering his safety as well as the safety of those around him.

{¶14} That Tudor was able to maintain control of his bicycle is not determinative (the road was straight and circumstances did not require him to stop, slow down, or alter direction). Where a statute proscribes a particular manner of operation, the offender "may be punished as prescribed by the statute, even though such driving did not actually result in injury to anyone." *State v. Wells*, 146 Ohio St. 131, 139, 64 N.E.2d 593 (1945); *also State v. Stanton*, 3d Dist. Crawford No. 3-87-21, 1989 WL 111971, *3 (Sept. 25, 1989) ("R.C. 4511.20 is not predicated upon the violation of some other traffic law but * * * upon willful or wanton conduct"). Accordingly, in *State v. Vanoss*, 11th Dist. Trumbull No. 2009-T-0047, 2010-Ohio-1453, this court upheld the conviction of a motorist for Reckless Operation where he was driving within the posted speed limit but at a speed deemed unsafe given current road conditions, i.e., "[o]n a dark, slippery road covered with ice and snow, described by the trooper as 'extremely slick'." *Id.* at ¶ 13.

{¶15} Tudor's assignment of error is without merit.

{¶16} For the foregoing reasons, we affirm Tudor's conviction for Reckless Operation. Costs to be taxed against the appellant.

THOMAS R. WRIGHT, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

5

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶17} Since I believe the evidence was insufficient to sustain this conviction, I respectfully dissent.

{¶18} To be convicted under R.C. 4511.20(A), Mr. Tudor had to have operated his bicycle "in willful or wanton disregard of the safety of persons or property." He did not. He was biking in a single lane of traffic, at rush hour, holding a cup of soda in one hand, the other off the handlebar. He clearly had control of the bicycle, nevertheless. He could not operate the bicycle to the right of the lane, since there were cars parked there, and he had every reason to fear being hit with a door being opened, or by a car pulling out. He was not required to operate the bike solely to the right of the lane. R.C. 4511.55.

{¶19} Mr. Tudor may have been an inconvenience to motorists behind him, but he posed no threat to the safety of any person or property.

{¶20} The state did not prove the essential element of the offense. I would vacate the conviction, and remand.

6