DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Shannon Adams, appeals the decision of the Medina County Court of Common Pleas, Juvenile Division, finding her guilty of R.C. 4511.201, reckless operation of a motor vehicle on private property. This Court vacates the judgment of the trial court as to appellant's conviction of reckless operation of a motor vehicle on private property.
 I. {¶ 2} On July 12, 2001, appellant, then fifteen years old, and two others operated a motor vehicle without a license on public and private property. After entering a private driveway, appellant tried to exit the property by driving in reverse, but ran the car into the lawn causing ruts and the car to stall. A man in the home began yelling at the girls. Appellant and the two others, then fled on foot leaving the car on private property. Subsequently, appellant and the two others called 911 and stated that the car had been stolen by five or six "guys." Upon being questioned by the police, appellant admitted that she was driving the vehicle when it got stuck in the lawn and that the car had not been stolen.
 {¶ 3} In November 2002, appellant was arrested on a warrant issued by the Medina County Juvenile Court for driving without a valid operator's license, a violation of R.C. 4507.02(A)(1); reckless operation on private property, a violation of R.C.4511.201; and criminal mischief, a violation of R.C.2909.07(A)(1). On January 10, 2003, a trial took place before a magistrate on the charges of driving without a license and reckless operation on private property. Appellant stipulated to the charge of driving without a license and the trial proceeded on the charge of reckless operation. The magistrate found appellant a juvenile traffic offender as to both charges pursuant to R.C. 2152.02(N). On January 12, 2003, appellant requested findings of fact and conclusions of law pursuant to Juv.R. 40(E)(2). On January 14, 2003, the magistrate issued findings of fact and conclusions of law. Appellant filed timely objections to the magistrate's decision on March 17, 2003. On April 22, 2003, the trial court overruled appellant's objections and affirmed the magistrate's decision. The trial court sentenced appellant to pay a fine of fifty dollars for reckless operation, and two points were assessed to her driver's license.
 {¶ 4} The criminal mischief charge was tried separately on January 24, 2003. At the close of the State's case, the magistrate granted appellant's motion to dismiss.
 {¶ 5} Appellant timely appealed her conviction of reckless operation, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The Trial Court's judgment finding shannon was a juvenile Traffic offender because she violated R.C. 4511.201 was not supported by sufficient evidence."
 {¶ 6} In her first assignment of error, appellant argues that her conviction for reckless operation on private property was based on insufficient evidence. This Court agrees.
 {¶ 7} On review of the sufficiency of the evidence, "`the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (Emphasis sic.) State v. Williams,99 Ohio St.3d 493, 2003-Ohio-4396, at ¶ 50, quoting Jackson v.Virginia (1979), 443 U.S. 307, 319, 61 L.Ed.2d 560.
 {¶ 8} R.C. 4511.201(A) provides: "No person shall operate a vehicle, trackless trolley, or streetcar on any public or private property other than streets or highways, in willful or wanton disregard of the safety of persons or property."
 {¶ 9} In State v. Earlenbaugh (1985), 18 Ohio St.3d 19,21-22, the Supreme Court of Ohio interpreted the terms "willful" and "wanton" in a parallel statute, R.C. 4511.20:
"While we recognize that the statutory terms `willful' and `wanton' represent two differing degrees of culpability, seeHawkins v. Ivy (1977), 50 Ohio St.2d 114, 118, fn. 4 [4 O.O.3d 243], and that the legislature has failed to expressly define these terms, we are nevertheless convinced that the language of R.C. 4511.20 is sufficiently definite to provide clear and adequate notice of the conduct proscribed therein.
"* * * A person may be found guilty of violating R.C. 4511.20
if he acts willfully. Such conduct implies an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse. Black's Law Dictionary (5 Ed. 1979) 1434. Or, conversely, R.C. 4511.20 is violated when a person acts wantonly in disregard of the safety of others. A wanton act is an act done in reckless disregard of the rights of others which evinces a reckless indifference of the consequences to the life, limb, health, reputation, or property of others. Id. at 1419. * * * Similarly, when the operator of a vehicle, with full knowledge of the surrounding circumstances, recklessly and inexcusably disregards the rights of other motorists, his conduct may be characterized as wanton. Hawkins v. Ivy, supra."
 {¶ 10} Upon review of the evidence in this case, this Court finds there is insufficient evidence as a matter of law to find appellant guilty of reckless operation. There is no evidence that appellant operated the vehicle in question in willful or wanton disregard of the safety of persons or property. This Court is not prepared to say that the mere act of backing off of a driveway into another's yard is willful or wanton disregard of the safety of person or property just because the driver is a minor without a license.
 {¶ 11} Accordingly, appellant's first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR
"The judgment finding Shannon to be a Juvenile Traffic Offender by having violated R.C. 4511.201 was against the manifest weight of the evidence."
 {¶ 12} In her second assignment of error, appellant contends that her conviction was against the manifest weight of the evidence.
 {¶ 13} This Court's disposition of appellant's first assignment of error renders appellant's second assignment of error moot. Therefore, this Court declines to address it. See App.R. 12(A)(1)(c).
 III. {¶ 14} Appellant's first assignment of error is sustained. Appellant's second assignment of error has been rendered moot. Appellant's conviction of reckless operation on private property is vacated, and a judgment of acquittal is entered.
Judgment accordingly.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Slaby, J. Whitmore, J, Concur.