[Cite as *State v Walters*, 2017-Ohio-793.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                         CASE NO.  4-16-17

      v.

DUSTIN MARK WALTERS,                 O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Defiance Municipal Court
Trial Court No. TR-16-3688

Judgment Affirmed

Date of Decision:   March 6, 2017

APPEARANCES:

    *Ian A. Weber* for Appellant

    *Carson L. Slade* for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, Dustin Mark Walters ("Walters"), appeals the August 17, 2016 judgment entry of the Defiance Municipal Court. For the reasons that follow, we affirm.

{¶2} On July 28, 2016, Walters was charged with willful or wanton disregard of safety on highways, a violation of R.C. 4511.20, commonly referred to as "reckless operation" of a vehicle, a minor misdemeanor. (Doc. No. 1). On August 17, 2016, Walters appeared, pro se, and pled no contest to the charge. (Doc. No. 2); (Aug. 17, 2016 Tr. at 2). The trial court accepted Walters's plea and found him guilty of the charge. (*Id.*); (*Id.* at 4). The trial court sentenced Walters to a six-month license suspension and ordered him to pay a fine and costs. (Doc. No. 2).

{¶3} Walters, with the assistance of counsel, filed his notice of appeal on September 16, 2016. (Doc. No. 3). Walters raises one assignment of error for our review.

**Assignment of Error**

**The Finding Of The Court That The Defendant/Appellant Was Guilty Of Reckless Operation Pursuant To ORC 4511.20 Was Not Supported And Was Against the Manifest Weight Of The Evidence.**

{¶4} In his assignment of error, Walters asserts that his conviction is against the manifest weight of the evidence and based on insufficient evidence. Specifically, Walters argues there is insufficient evidence that he acted willfully or

wantonly. (Appellant's Brief at 6). He also argues that the trial court's conclusion that he acted willfully or wantonly is against the manifest weight of the evidence. (Appellant's Brief at 5).

**{¶5}** Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997). We address each concept individually.

**{¶6}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19

("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

{¶7} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

{¶8} R.C. 4511.20 provides, in relevant part, "No person shall operate a vehicle * * * on any street or highway in willful or wanton disregard for the safety of persons or property." R.C. 4511.20(A). One acts willfully when one's conduct is done "intentionally, designedly, knowingly, or purposely, without justifiable

-4-

excuse." *State v. Adams*, 9th Dist. Medina No. 03CA0098-M, 2004-Ohio-3253, ¶ 9, citing *State v. Earlenbaugh*, 18 Ohio St.3d 19, 21-22 (1985). A wanton act is one done in reckless disregard of the rights of others and which indicates a reckless indifference to the consequences to the life, limb, health, reputation, or property of others. *Id.*, citing *Earlenbaugh* at 21-22. By the same token, a motorist acts wantonly when, with full knowledge of the surrounding circumstances, he or she recklessly and inexcusably disregards the rights of other motorists. *Id.*, citing *Earlenbaugh* at 22.

{¶9} At the hearing, the State recounted the statement of Trooper Matthew Gardner ("Trooper Gardner") of the Ohio State Highway Patrol, who issued the citation at issue in the case. (Aug. 17, 2016 Tr. at 3). The State's recounting of Trooper Gardner's statement can be summarized as follows: On July 28, 2016, at approximately 6:51 p.m., Trooper Gardner received a traffic complaint indicating that, on U.S. 24 at approximately mile marker 53, a motorcycle was traveling at an excessive speed. (*Id.*). Trooper Gardner spoke with a law enforcement officer from the Henry County Sheriff's Office, who indicated that the motorcycle was black in color. (*Id.*). That officer also described the individual that the Henry County Sheriff's Office had seen. (*Id.*). Soon after, the Henry County Sheriff's Office indicated to Trooper Gardner that it observed a motorcycle near Napoleon, but the motorcycle was traveling so fast that officers were unable to catch it. (*Id.*). At

approximately 7:03 p.m., Trooper Gardner observed a motorcycle on U.S. 24 near Flory Road, at which time the motorcycle appeared to be traveling approximately eighty miles per hour, though Trooper Gardner was unable to check the vehicle's speed with his radar gun. (*Id.*). Trooper Gardner watched as the motorcycle slowed down briefly and, on State Route 281, passed between a semi truck and a passenger vehicle, basically creating a third lane of travel. (*Id.*). Trooper Gardner initiated a traffic stop of the motorcycle on U.S. 24 near mile marker 27. (*Id.*).

{¶10} Viewing this evidence in a light most favorable to the prosecution, we conclude that Walters's conviction is supported by sufficient evidence. A rational trier of fact could have found that Walters acted willfully or wantonly.

{¶11} As an initial matter, we note that Walters did not dispute the underlying facts alleged in the complaint because he pled no contest to the charge. (Aug. 17, 2016 Tr. at 2). As such, we conclude that the trial court could reasonably have believed the evidence the State offered and, if it did, he could have believed that the essential elements of the crime were proven beyond a reasonable doubt. *State v. Erskine*, 4th Dist. Highland No. 14CA17, 2015-Ohio-710, ¶ 11, citing *City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150 (1984).

{¶12} We now review the sufficiency of the evidence supporting Walters's conviction. *State v. Velez*, 3d Dist. Putnam No. 12-13-10, 2014-Ohio-1788, ¶ 68, citing *State v. Wimmer*, 3d Dist. Marion No. 9-98-46, 1999 WL 355190, *1 (Mar.

26, 1999). Because it is the only element Walters challenges on appeal, we review the sufficiency of the evidence supporting only whether he acted willfully or wantonly.

{¶13} First, we conclude that a rational trier of fact could conclude beyond a reasonable doubt, after viewing the evidence in a light most favorable to the prosecution, that Walters's passing improperly between the semi and the passenger car constituted the operation of a vehicle on the highway in willful disregard for the safety of persons or property without a justifiable excuse. *See State of Ohio v. Williams*, 2nd Dist. Greene No. 2011CA18, 2012-Ohio-725 ¶ 29. Trooper Gardner observed Walters pass between a semi truck and a passenger car in such a way as to essentially create a third lane on a two-lane road. (Aug 17, 2016 Tr. at 3). This is to say that, for a time, two vehicles parallel to one another occupied the same lane of travel, with each going at least as fast as one would expect on a highway, possibly faster. (*See id.*). One vehicle need not be close to another at such high rates of speed for this situation to be quite dangerous; even if both vehicles in the same lane were traveling at the posted speed limit, distances between the vehicles could be closed quickly, and a crash might well ensue. Even greater peril is involved here, as there were three vehicles—Walters's motorcycle, the passenger car, and the semi truck. (*Id.*). This passing between the car and the semi truck could be found to be willful—Walters was in control of his motorcycle when it occurred, suggesting that

his act was one done with intent, design, knowledge, or purpose. *Williams* at ¶ 29. Traversing a highway improperly at a high rate of speed and with two other motorists close at hand is inherently perilous to the persons and property of all involved. (*See id.*).

{¶14} Second, we conclude that a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could have concluded that Walters operated a vehicle on the highway in wanton disregard for the safety of persons or property because the facts suggest that Walters substantially exceeded the speed limit on a highway occupied by other motorists and that he passed improperly between two fellow motorists while traveling at a high rate of speed. *See State v. Hitchcock*, 5th Dist. Ashland No. 16-COA-021, 2017-Ohio-126, ¶¶ 16-17. Such dangerous conduct could be found to indicate a reckless disregard for the rights of those other motorists, as well as a reckless indifference to the life, limb, health, and property thereof. (*Id.*).

{¶15} Walters further argues that his conviction is against the manifest weight of the evidence. When considering the sufficiency of evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259

(1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997).

{¶16} However, when determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

{¶17} We conclude that the trial court's ruling was not against the manifest weight of the evidence. Briefly summarized, the evidence was as follows: Trooper Gardner observed Walters traveling at, by his estimation, eighty miles per hour on a highway occupied by other motorists while Walters himself, because he was on a

motorcycle, was essentially exposed to the open air. (Aug. 17, 2016 Tr. at 3). He then observed Walters pass improperly between a semi truck and a passenger vehicle, still at a high rate of speed, traveling parallel to both other vehicles while in the same lane of travel as one of them. (*Id.*). Walters's own account of the events in question differs from Trooper Gardner's only in that Walters asserts he was not speeding. (*Id.* at 3-4). The trial court clearly believed that Trooper Gardner was credible. (*See id.* at 4). Because the trial court was in the best position to assess the credibility of evidence, we cannot disturb the trial court's findings as to credibility absent clear error. *See Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). We conclude that, in weighing the statements of Trooper Gardner, who was directly behind the defendant and in a positon to clearly observe what happened, against the possible self-serving statements Walters made, the trial court did not clearly lose its way and thereby create a manifest miscarriage of justice such that a new trial must be ordered.

{¶18} We are cognizant of the fact that, despite our conclusion, the trial court heard evidence weighing against Walters's conviction. Walters asserted that he did not exceed the speed limit, and he claimed that the semi truck and passenger car were separated by approximately fifteen or twenty feet. (Aug. 17, 2016 Tr. at 3-4). Walters further claimed that he did not create a third lane of travel but that, because he was on a motorcycle, he did not need a great deal of space to pass other vehicles.

(Aug. 17, 2016 Tr. at 4). He described himself as having passed between the vehicles slowly. (*Id.*). For the reasons above, however, we conclude that the evidence weighing against Walters's conviction does not entitle him to the relief he requests.

{¶19} Walters's assignment of error is overruled. Having found no error in the trial court's proceedings in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**