[Cite as *Campbell v. Rosario*, 2018-Ohio-337.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THE CITY OF CAMPBELL | ) | CASE NO. 16 MA 0063 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| HERNAN ROSARIO, JR. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Campbell Municipal Court of Mahoning County, Ohio
Case No. TRD 1600134

JUDGMENT:     Reversed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Brian Macala
Prosecutor/Law Director
351 Tenney Avenue
Campbell, Ohio 44505
No Brief Filed

For Defendant-Appellant:     Hernan Rosario, Jr., *Pro se*
2271 Fifth Avenue
Youngstown, Ohio 44504

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: January 26, 2018

WAITE, J.

**{¶1}** Appellant Hernan Rosario, Jr., appeals an April 8, 2016 Campbell Municipal Court decision. Appellant argues that the trial court erroneously denied his motion to dismiss the charges based on the state's failure to provide discovery and the failure of the citing officer to indicate how Appellant's speed was tracked. Appellant also argues that his conviction is not supported by sufficient evidence. Because the state failed to introduce any evidence to demonstrate that the radar device was scientifically reliable, Appellant's conviction is not supported by sufficient evidence. Accordingly, Appellant's argument regarding sufficiency of the evidence has merit and the judgment of the trial court is reversed.

Factual and Procedural History

**{¶2}** On January 19, 2016, Sergeant Charles Butch ("Sgt. Butch") initiated a traffic stop after observing Appellant driving 39 mph in a 25 mph zone and issued a traffic citation. Sgt. Butch tracked Appellant's speed through radar. On February 2, 2016, Appellant pleaded not guilty. On February 11, 2016, Appellant served the Campbell Municipal Court and Campbell Police Department with a request for discovery. In response, the city prosecutor provided a copy of the front and back of Appellant's citation. Appellant moved for dismissal of the charges based on the state's failure to provide adequate discovery and the citing officer's failure to indicate how Appellant's speed was measured. The trial court denied Appellant's motion.

**{¶3}** On April 8, 2016, the case was tried before a judge. Appellant renewed his motion for dismissal which the trial court again denied. The state presented one witness, Sgt. Butch. Appellant testified on his own behalf. The trial court found

Appellant guilty and ordered him to pay a $125 fine within thirty days. This timely appeal followed.

ASSIGNMENT OF ERROR NO. 1

THE CAMPBELL CITY MUNICIPAL COURT DENIED THE APPELLANT'S MOTION FOR THIS CASE TO BE DISMISSED ON THE GROUNDS OF THE CAMPBELL CITY POLICE DEPARTMENT IGNORING HIS REQUEST FOR DISCOVERY WHICH IS A VIOLATION OF THE APPELLANT'S DUE PROCESS RIGHTS.

{¶4} Appellant argues that the trial court erroneously denied his motion to dismiss the charges. Appellant argues that the state failed to provide adequate discovery. Without proper discovery, Appellant argues that it was impossible to defend himself in court. The state did not file a response brief.

{¶5} Pursuant to Crim.R. 16(B):

Upon receipt of a written demand for discovery by the defendant, and except as provided in division (C), (D), (E), (F), or (J) of this rule, the prosecuting attorney shall provide copies or photographs, or permit counsel for the defendant to copy or photograph, the following items related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant, within the possession of, or reasonably available to the state, subject to the provisions of this rule:

(1)   Any written or recorded statement by the defendant or a co-defendant, including police summaries of such statements, and including grand jury testimony by either the defendant or co-defendant;

(2)  Criminal records of the defendant, a co-defendant, and the record of prior convictions that could be admissible under Rule 609 of the Ohio Rules of Evidence of a witness in the state's case-in-chief, or that it reasonably anticipates calling as a witness in rebuttal;

(3)   Subject to divisions (D)(4) and (E) of this rule, all laboratory or hospital reports, books, papers, documents, photographs, tangible objects, buildings, or places;

(4)  Subject to division (D)(4) and (E) of this rule, results of physical or mental examinations, experiments or scientific tests;

(5)   Any evidence favorable to the defendant and material to guilt or punishment;

(6)  All reports from peace officers, the Ohio State Highway Patrol, and federal law enforcement agents, provided however, that a document prepared by a person other than the witness testifying will not be considered to be the witness's prior statement for purposes of the cross examination of that particular witness under the Rules of Evidence unless explicitly adopted by the witness;

(7) Any written or recorded statement by a witness in the state's case-in-chief, or that it reasonably anticipates calling as a witness in rebuttal.

**{¶6}** As noted by the trial court, the sole evidence presented at trial was the traffic citation, which the prosecutor provided to Appellant. Appellant appears to assume that the state possessed additional evidence. Specifically, Appellant requested "copies of any and all relevant written or recorded statements of witnesses, including any statements, diagrams, or drawings made by the citing officer on any piece of paper — including the reverse of his/her copy of the citation — or other medium of information storage." (2/11/16 Request for Discovery.) However, there is nothing within the record to indicate that such evidence exists beyond the citation. As to the request that was sent to the Campbell Police Department, the record is devoid of any evidence that the police department possessed discoverable evidence. As the state provided the sole evidence it intended to use at trial, it complied with Crim.R. 12. Appellant's first assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE CAMPBELL CITY MUNICIPAL COURT DENIED THE APPELLANT'S MOTION FOR THIS CASE TO BE DISMISSED ON THE GROUNDS THAT THE CITING OFFICER NEGLECTED TO RECORD ON THE TRAFFIC CITATION HOW HE RECORDED THE APPELLANT'S SPEED MAKING IT IMPOSSIBLE FOR THE

APPELLANT TO DEFEND HIMSELF IN COURT. THIS IS ALSO A VIOLATION OF THE APPELLANT'S DUE PROCESS RIGHTS.

**{¶7}** Appellant argues that the trial court erroneously denied his motion to dismiss based on the failure of the citing officer to indicate how his speed was measured.

**{¶8}** Appellant is correct in his assertion that Sgt. Butch did not indicate on the ticket how Appellant's speed was measured. However, this failure is not fatal to the state's case. "[A] traffic ticket 'will satisfy legal requirements, if it apprises a defendant of the nature of the charge together with a citation of the statute or ordinance involved.' " *State v. Brown,* 11th Dist. No. 2017–L–038, 2017-Ohio-7963, ¶ 20, citing *North Olmstead v. Greiner*, 9 Ohio App.3d 158, 159, 458 N.E.2d 1284 (8th Dist.1983); *Cleveland v. Austin*, 55 Ohio App.2d 215, 220, 380 N.E.2d 1357 (8th Dist.1978). The traffic citation here satisfied those requirements. Accordingly, Appellant's second assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 3</u>

THE CAMPBELL CITY PROSECUTOR AND THE CAMPBELL CITY POLICE DEPARTMENT DID NOT PRESENT ENOUGH EVIDENCE TO FIND THE APPELLANT GUILTY. THIS IS A VIOLATION OF THE LAW OF EVIDENCE, ALSO KNOWN AS THE RULES OF EVIDENCE.

**{¶9}** While Appellant argues that his conviction is not supported by sufficient evidence, he does not provide a specific argument. However, it appears that he takes issue with the manner in which his speed was measured by Sgt. Butch.

{¶10} "Sufficiency of the evidence is a legal question dealing with adequacy." *State v. Pepin-McCaffrey*, 186 Ohio App.3d 548, 2010-Ohio-617, 929 N.E.2d 476, ¶ 49 (7th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.3d 541 (1997). "Sufficiency is a term of art meaning that legal standard which is applied to determine whether a case may go to the jury or whether evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Draper*, 7th Dist. No. 07 JE 45, 2009-Ohio-1023, ¶ 14, citing *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955). When reviewing a conviction for sufficiency of the evidence, a reviewing court does not determine "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Rucci*, 7th Dist. No. 13 MA 34, 2015-Ohio-1882, ¶ 14, citing *State v. Merritt*, 7th Dist. No. 09-JE-26, 2011-Ohio-1468, ¶ 34.

{¶11} In reviewing a sufficiency of the evidence argument, the evidence and all rational inferences are evaluated in the light most favorable to the prosecution. *State v. Goff*, 82 Ohio St.3d 123, 138, 694 N.E.2d 916 (1998). A conviction cannot be reversed on the grounds of sufficiency unless the reviewing court determines no rational juror could have found the elements of the offense proven beyond a reasonable doubt. *Id.*

{¶12} Preliminarily, the record demonstrates that Appellant failed to object to the accuracy of the device, thus he is limited to a review for plain error. A three-part test is employed to determine whether plain error exists. *State v. Billman*, 7th Dist.

Nos. 12 MO 3, 12 MO 5, 2013-Ohio-5774, ¶ 25, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).

> First, there must be an error, *i.e.* a deviation from a legal rule. Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.

*Billman* at ¶ 25.

{¶13} In order for a person to be convicted of speeding based on the use of a laser device, a two-part test must be satisfied. First, evidence must be introduced to show that the device is in proper working condition to make accurate readings and that the officer is qualified to administer the laser device. *East Liverpool v. Lawson*, 7th Dist. No. 13 CO 52, 2014-Ohio-5858. Second, evidence must be introduced to show that the device is scientifically reliable. *Id.*

{¶14} As to the first part of the test, "it is sufficient to show that the meter was properly set up and tested by a technician trained by experience to do so, and that at the time it was functioning properly." *City of Lyndhurst v. Danvers*, 8th Dist. No. 55537, 1988 WL 124999, *1 (Nov. 23, 1988), citing *East Cleveland v. Ferell*, 168 Ohio St. 298, 154 N.E.2d 630 (1958), syllabus.

{¶15} In the instant case, evidence was presented to demonstrate that the device was accurate and in proper working order. Sgt. Butch testified that there are

three methods used to test a device to ensure that it is working properly. First, the device itself automatically completes an audible and display test. Second, a manual test is performed. Third, tuning forks are used. Sgt. Butch testified that he did not use the tuning forks, but that the automatic and manual tests were completed. Sgt. Butch also testified that he did not recall any malfunction with his device on that date. There is also substantial evidence that Sgt. Butch, who is a radar instructor, was qualified to operate the device. Applying *Danvers*, this record reflects that the device was set up by a technician trained by experience to do so and was functioning properly at the time.

{¶16} As to the second part of the test, however, this record is devoid of any evidence that the device was scientifically reliable. The scientific reliability of a speed-measuring device can be established through expert testimony or judicial notice. *City of New Middletown v. Yeager*, 7th Dist. No. 03 MA 104, 2004-Ohio-1549, ¶ 9. Here, the state failed to introduce testimony to demonstrate the scientific reliability of the device or even provide a description of the type of device used. Additionally, the trial court failed to take judicial notice of the device's reliability. As such, the state has failed to meet its burden. Accordingly, Appellant's third assignment of error has merit and is sustained.

Conclusion

{¶17} Appellant argues that the trial court erroneously denied his motion to dismiss the charges based on the state's failure to provide discovery and the failure of the citing officer to indicate how Appellant's speed was tracked. The record

demonstrates that the state complied with Crim.R. 16. Further, the failure of the citing officer to indicate how the defendant's speed was measured is not grounds for dismissal. Appellant also argues that his conviction is not supported by sufficient evidence. As the state failed to produce evidence that the radar device was scientifically reliable, Appellant's conviction is not supported by sufficient evidence. Accordingly, the judgment of the trial court is reversed.

Donofrio, J., concurs; see concurring opinion.

DeGenaro, J., concurs.

Donofrio, J., concurring.

**{¶18}** I concur with the majority's opinion that appellant's conviction was not supported by sufficient evidence. I write separately, however, because I respectfully disagree with that part of the majority's opinion that finds that the radar detection device in question was functioning properly at the time. I concur with the balance of the majority's opinion.

**{¶19}** Butch explained the testing procedure for the radar equipment, i.e., how there is a self-test button and turning forks. Regarding calibration, the following exchange occurred with Sgt. Butch on the stand.

> Q: Now, when you go out on traffic enforcement, let's say, specifically as relates to speeding offenses, what is that you use to calibrate speed? How do you determine how fast a vehicle's going?
>
> A: First, you observe the vehicle traveling at what you believe to be an excessive speed. Then you activate the radar. You have an audible tone and a visual display of the target speed.
>
> Q: Now, is there any sort of testing of that device before you start a shift or anything to ensure it's working properly?
>
> A: Yes.
>
> Q: And what is that?
>
> A: The radar itself automatically does an audible test and a display test, and when that's completed, there's a manual test button to press and then the use of tuning forks.
>
> Q: And on this particular day, January 19, 2016, did you perform such performance tests on the radar device that you would have been using that day?
>
> A: I did not use the tuning forks.

Q: Okay. And is there any reason why you would not have used those?

A: I don't recall.

Q: Okay. Do you recall any malfunction with your radar device on that particular day?

A: No, sir.

(Tr. 7-8).

{¶20} In the case at bar, the state did not provide evidence that the radar equipment was in working order on the day in question. As can be seen from Sgt. Butch's testimony, set out above, he did not conduct the performance tests necessary to calibrate the radar equipment used. Specifically, Sgt. Butch testified that he "did not use the tuning forks" on that day. In this case, appellant's conviction was based on an unreliable radar reading, and thus the evidence was insufficient to find him guilty of speeding.

{¶21} In order for a speed detection device to be properly calibrated, an internal and an external test must be completed to determine that the device was accurate and in working order. See *City of Lyndhurst v. Danvers*, 8th Dist. No. 55537, 1988 WL 124999 (Nov. 23, 1988). In this case, the trial court's statement at the conclusion of the hearing that the radar had been properly tuned was not supported by the evidence. I would find that the evidence on which appellant's conviction was based was legally insufficient for this reason as well as for the reason set forth by the majority.

{¶22} I further agree with the majority opinion that evidence, whether by stipulation, judicial notice, or expert testimony, regarding the scientific reliability of speed detection devices is required in order to convict a defendant for speeding. But equally important to evidence of the science being reliable is evidence that the machine at issue, in any prosecution for speeding, must be proven to be properly calibrated and in working order.