Harsha, J.
{¶ 1} Z.E.N. appeals from a juvenile court finding that she is a juvenile traffic offender for operating a motor vehicle above the posted speed limit, going 70 mph in a 50 mph zone. She asserts the trial court's finding was not supported by sufficient evidence.
{¶ 2} The state based the underlying speeding offense on a state trooper's testimony that he visually observed Z.E.N. operating a motor vehicle well over the posted speed limit, which he then confirmed by using an LTI 20-20 laser device. However, the trial court committed plain error by relying on the trooper's testimony about the laser device readout. The state failed to introduce evidence to demonstrate the device's scientific reliability, and the trial *596 court failed to take judicial notice of this fact. Moreover, R.C. 4511.091(C)(1) precluded the trial court from relying on the trooper's unaided visual estimation of Z.E.N.'s vehicle's speed to convict her of speeding.
{¶ 3} Because the trial court's finding that Z.E.N. is a juvenile traffic offender based on her speeding was not supported by sufficient evidence, we sustain her assignment of error.
I. FACTS
{¶ 4} The state filed a traffic ticket in the Scioto County Court of Common Pleas, Juvenile Division, charging Z.E.N. with speeding by traveling 70 mph in a 50 mph zone, in violation of R.C. 4511.21, and alleging that she is a juvenile traffic offender, as defined in R.C. 2151.02(N). Although the ticket did not state which subsection of R.C. 4511.21 she allegedly violated, by stating she operated a motor vehicle by traveling 70 mph in a 50 mph zone, it alleged a violation of R.C. 4511.21(D)(5), which provides that "[n]o person shall operate a motor vehicle * * * upon a street or highway * * * [a]t a speed exceeding the posted speed limit upon a highway, expressway, or freeway * * *."
{¶ 5} At the adjudicatory hearing Ohio Highway Patrol Trooper Bradley A. Johnson testified he was outside his patrol car and using an LTI 20-20 laser unit on U.S. 52 in Scioto County where the posted speed limit was 50 mph.
{¶ 6} According to Trooper Johnson the LTI 20-20 laser unit was properly calibrated and he was trained and qualified in its use. He observed Z.E.N., who he later learned was 16 years old, driving around a curve on U.S. 52 and who "appeared to be well over the posted speed limit of fifty miles an hour down through there." He then "checked the speed with the laser and checked it at seventy miles an hour in a fifty zone." Trooper Johnson testified that he couldn't have aimed the laser device at the wrong car even though Z.E.N.'s car was next to another vehicle. That was because he aimed the laser at Z.E.N.'s car by using the scope and placing the red dot on that. Z.E.N. did not object to the trooper's testimony, despite the fact the state did not offer any testimony establishing concerning the scientific reliability of the LTI 20-20 laser device. Nor did the trial court take judicial notice of it.
{¶ 7} Z.E.N. testified that she was not going 70 mph on the date in question.
{¶ 8} In closing argument, Z.E.N.'s attorney stated that because the state failed to produce evidence of the scientific reliability of the laser device, there was insufficient evidence to prove that she had been speeding in violation of R.C. 4511.21(D) :
Additionally, no testimony was provided as to the scientific reliability of the laser and no judicial notice was asked for with regard to it. And so, therefore, because it's a laser reading, insufficient evidence was provided * * *. Insufficient evidence with regard to the laser and the mechanics of the particular machine was provided to the Court.
{¶ 9} The trial court found that the state had proved Z.E.N. to be a juvenile traffic offender by speeding, without commenting on the scientific reliability of the laser device:
* * * I do believe, after sitting in here, that the prosecutor has carried his burden of proving that she was doing that, that speed, that rate of speed. Calibration was talked about. The line of sight with the scope, that it's a red dot scope. I believe that he said that it was, they can check the alignment and it was checked. Talked about that there were two vehicles. So, I believe, that the burden has been carried and that she has *597 been proven to be a juvenile traffic offender. So, I will so find, young lady, that you are a juvenile traffic offender.
{¶ 10} The trial court entered a judgment adjudicating Z.E.N. to be a juvenile traffic offender and ordering her to pay costs.
II. ASSIGNMENT OF ERROR
{¶ 11} Z.E.N. assigns the following error for our review:
THE TRIAL COURT ERRED BY FINDING BEYOND A REASONABLE DOUBT THAT APPELLANT WAS A JUVENILE TRAFFIC OFFENDER BECAUSE THE TRIAL COURT'S FINDING WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
III. STANDARD OF REVIEW
{¶ 12} "When a court reviews the record for sufficiency, '[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " State v. Maxwell , 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 146, quoting State v. Jenks , 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus; Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ; see also State v. Adams , 9th Dist. Medina No. 03CA0098-M, 2004-Ohio-3253, 2004 WL 1397943, ¶ 7 (applying same standard of review to review sufficiency of evidence claim in juvenile traffic offender case).
{¶ 13} A sufficiency assignment of error challenges the legal adequacy of the state's prima facie case, not its rational persuasiveness. State v. Koon , 4th Dist. Hocking No. 15CA17, 2016-Ohio-416, 2016 WL 527289, ¶ 17.
{¶ 14} "That limited review does not intrude on the [factfinder]'s role 'to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.' " Musacchio v. United States , --- U.S. ----, 136 S.Ct. 709, 715, 193 L.Ed.2d 639 (2016), quoting Jackson at 319, 99 S.Ct. 2781.
IV. LAW AND ANALYSIS
A. Laser Device Evidence
{¶ 15} Z.E.N. asserts that the trial court's finding that she is a juvenile traffic offender was not supported by sufficient evidence. A juvenile traffic offender "means any child who violates any traffic law * * * of this state * * *." R.C. 2152.02(N). The trial court's finding that Z.E.N. is a juvenile traffic offender is based on her speeding above the posted speed limit in violation of R.C. 4511.21(D), a state traffic law. As noted previously, R.C. 4511.21(D)(5) prevents any person from operating a motor vehicle upon a street or highway "[a]t a speed exceeding the posted speed limit."
{¶ 16} The state based the speeding violation on the trooper's testimony that the LTI 20-20 laser device registered her as traveling 70 mph in a 50 mph zone. Z.E.N. contends on appeal, as she did at trial, that there was no evidence concerning the scientific reliability of the device.
{¶ 17} "In order for a person to be convicted of speeding based on the use of a laser device, a two-part test must be satisfied. First, evidence must be introduced to show that the device is in proper working condition to make accurate readings and that the officer is qualified to administer the laser device. * * * Second, evidence must be introduced to show that the device is scientifically reliable."
*598 Campbell v. Rosario , 2018-Ohio-337, 101 N.E.3d 681, ¶ 13 (7th Dist.). It is the second part of this test that is at issue here.
{¶ 18} "In order to be convicted of speeding based on laser-device evidence, there must be evidence introduced at trial that the device is scientifically reliable." State v. Starks , 196 Ohio App.3d 589, 2011-Ohio-2344, 964 N.E.2d 1058, ¶ 21 (12th Dist.), citing State v. Palmer , 1st Dist. Hamilton No. C-050750, 2006-Ohio-5456, 2006 WL 2987715, ¶ 10. "The scientific reliability of a speed-measuring device can be established through expert testimony or judicial notice." Campbell at ¶ 16, citing New Middletown v. Yeager , 7th Dist. Mahoning No. 03 MA 104, 2004-Ohio-1549, 2004 WL 614868, ¶ 9. The three general methods for taking judicial notice of the accuracy of a scientific device in a case within the territorial jurisdiction of the trial court are: (1) a trial court decision; (2) an appellate court decision from that jurisdiction; or (3) previous consideration of expert testimony about a specific device where the trial court notes it on the record. State v. Cleavenger , 2018-Ohio-446, 93 N.E.3d 1027 (7th Dist.), citing Columbus v. Bell , 10th Dist. Franklin No. 09AP-1012, 2010-Ohio-2908, 2010 WL 2555108, ¶ 14.
{¶ 19} The state did not offer any expert testimony to establish the scientific reliability of the LTI 20-20 laser device that Trooper Johnson used to determine that Z.E.N. was speeding. Nor did the trial court take judicial notice of the scientific reliability of these devices.[1]
{¶ 20} Instead, the state cites a concurring opinion in Greater Cleveland Metroparks v. Ismail , 8th Dist. Cuyahoga No. 104412, 2017-Ohio-5570, 2017 WL 2815200, ¶ 20, which opined that "[r]equiring expert testimony for moving systems is absurd. The same can be said for laser devices, which have an even greater level of accuracy and reliability." That concurring opinion cited a majority opinion in Cleveland v. Tisdale , 8th Dist. Cuyahoga No. 89877, 2008-Ohio-2807, 2008 WL 2346440, ¶ 18, another speeding case involving a radar device, where the court of appeals stated that it believed that "expert testimony is no longer required to establish the general reliability of radar or laser devices that are used to determine speed."
{¶ 21} Ultimately, however, the Eighth District Court of Appeals subsequently criticized its prior holding in Tisdale as "an outlier of the well-established body of law on the issue." See Beachwood v. Joyner , 2012-Ohio-5884, 984 N.E.2d 388, ¶ 13 (8th Dist.), and cases cited; State v. Hari , 2016-Ohio-2987, 65 N.E.3d 238, ¶ 18 (3d Dist.) (emphasis sic.) ("this Court has not extended judicial notice to the reliability of laser -based devices absent prior testimony related specifically to the device or a prior court decision finding the laser-based device reliable"). Therefore, we will not apply the dicta in Tisdale here.
*599 {¶ 22} The state also argues that Z.E.N. waived any error in the trial court's reliance upon the trooper's testimony about the LTI 20-20 laser device reading. It is true that Z.E.N. did not timely object to the reliability of the laser device when Trooper Johnson testified. But the lack of foundation for a speed measuring device like the LTI 20-20 laser constitutes plain error[2] and implicates the sufficiency of the evidence where judicial notice was not taken. Cleavenger , 2018-Ohio-446, 93 N.E.3d 1027, ¶ 25 ("Appellate courts have concluded the lack of foundation for a speed measuring device implicates the sufficiency of the evidence where judicial notice was not taken"), and cases cited; Campbell , 2018-Ohio-337, 101 N.E.3d 681, ¶ 10-16 (reversing speeding conviction because of insufficient evidence to support conviction where state failed to introduce testimony to demonstrate scientific reliability of radar device and trial court failed to take judicial notice of device's reliability notwithstanding defendant's failure to object).
{¶ 23} Nor did Z.E.N.'s failure to timely object to the trooper's testimony about the laser device invite the trial court's error. " 'Under [the invited-error] doctrine, a party is not entitled to take advantage of an error that he himself invited or induced the court to make.' " See Martin v. Jones , 2015-Ohio-3168, 41 N.E.3d 123, ¶ 71 (4th Dist.), quoting State ex rel. Kline v. Carroll , 96 Ohio St.3d 404, 2002-Ohio-4849, 775 N.E.2d 517, ¶ 27. Z.E.N. never conceded that the laser device was reliable; just the opposite-her attorney emphasized in closing argument that the laser device had not been established by testimony or judicial notice to be scientifically reliable.
{¶ 24} Therefore, the state's laser device evidence did not provide sufficient evidence to support Z.E.N.'s speeding conviction, which underlies the trial court's finding that she is a juvenile traffic offender.
B. Visual Estimation of Speed of Vehicle
{¶ 25} The state also argues that any error in relying on the trooper's testimony about the laser was harmless because Trooper Johnson also testified, based on his visual observation, that her car "appeared to be well over the posted speed limit of fifty miles an hour."
{¶ 26} In 2010, the Supreme Court of Ohio held that a police officer's unaided visual estimation of a vehicle's speed constituted sufficient evidence to support a conviction for speeding in violation of R.C. 4511.21(D)"without independent verification of the vehicle's speed if the officer is trained, is certified by the Ohio Peace Officer Training Academy or a similar organization * * * and is experienced in visually estimating vehicle speed." Barberton v. Jenney , 126 Ohio St.3d 5, 2010-Ohio-2420, 929 N.E.2d 1047, syllabus.
{¶ 27} But the next year the General Assembly amended R.C. 4511.091 to legislatively overrule Barberton in part by providing that no person shall be arrested, charged, or convicted of most speeding offenses under R.C. 4511.21 based simply on a peace officer's unaided visual estimation of the speed of a motor vehicle:
No person shall be arrested, charged, or convicted of a violation of any provision of divisions (B) to (O) of section 4511.21 or section 4511.211 of the Revised Code or a substantially similar municipal ordinance based on a peace officer's unaided visual estimation of the speed of a motor *600 vehicle, trackless trolley, or streetcar. This division does not do any of the following:
(a) Preclude the use by a peace officer of a stopwatch, radar, laser, or other electrical, mechanical, or digital device to determine the speed of a motor vehicle;
(b) Apply regarding any violation other than a violation of divisions (B) to (O) of section 4511.21 or section 4511.211 of the Revised Code or a substantially similar municipal ordinance;
(c) Preclude a peace officer from testifying that the speed of operation of a motor vehicle, trackless trolley, or streetcar was at a speed greater or less than a speed described in division (A) of section 4511.21 of the Revised Code, the admission into evidence of such testimony, or preclude a conviction of a violation of that division based in whole or in part on such testimony.
R.C. 4511.091(C)(1).
{¶ 28} Because this case was based upon speeding in violation of R.C. 4511.21(D)(5), amended R.C. 4511.091(C)(1) precluded the trial court from relying solely on the trooper's estimate of speed for the conviction. Helke , 2015-Ohio-4402, 46 N.E.3d 188, ¶ 17 ; Greater Cleveland Metroparks , 2017-Ohio-5570, ¶ 17. The state's citation of the exception in R.C. 4511.091(C)(1)(c) does not help its position because that exception applies only in R.C. 4511.21(A) speeding cases, in which it is alleged that a person operated a motor vehicle "at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle * * * upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead." The trooper's ticket did not charge Z.E.N. with a violation of R.C. 4511.21(A). We reject the state's claim of harmless error.
{¶ 29} Consequently, the state did not introduce sufficient evidence to support the trial court's finding that she is a juvenile traffic offender based on the traffic offense of speeding. We sustain Z.E.N.'s assignment of error.
V. CONCLUSION
{¶ 30} Accordingly, we reverse the trial court's judgment and remand with instructions to discharge Z.E.N.
JUDGMENT REVERSED AND CAUSE REMANDED.
Abele, J.,
{¶ 31} I respectfully dissent.
{¶ 32} During the trial to the court, the arresting officer testified that the LTI 20-20 laser unit had been properly calibrated, that the officer had been properly trained and qualified to use the device, and that the juvenile traffic offender operated her vehicle at 70 miles per hour in a 50 mile per hour zone. The prosecution elicited the foregoing testimony, and the trial court received the foregoing evidence, without objection. Consequently, I believe that the lack of any objection waived any error associated with the admission of evidence regarding the speed of the vehicle. I further note that the use of the LTI 20-20 laser device has been accepted in courts throughout Ohio. Thus, the prosecution did not produce evidence from an unknown or unreliable speed detection device.
Hoover, P.J.: Concurs in Judgment and Opinion.
Abele, J.: Dissents with dissenting opinion.

The Second District Court of Appeals has held that the LTI 20-20 laser is scientifically reliable based on the expert testimony introduced in a prior case in their territorial jurisdiction. See State v. Helke , 2015-Ohio-4402, 46 N.E.3d 188, ¶ 33 (2d Dist.), citing State v. Reck , 2d Dist. Darke No. 1352 CA, 1994 WL 718230, *6 (Dec. 21, 1994). " 'However, the fact that a court in one jurisdiction has taken judicial notice of a device's accuracy cannot serve as the basis for a court in another jurisdiction to take judicial notice.' " State v. Zhovner , 2013-Ohio-749, 987 N.E.2d 333, ¶ 17 (3d Dist.), quoting Bell , 2010-Ohio-2908, at ¶ 14. In State v. Henry , 4th Dist. Hocking No. 94CA1, 1994 WL 534892, *3 (Sept. 28, 1994), we rejected a claim that a trial court erred in taking judicial notice of the scientific reliability of the LTI 20-20 laser because the trial court convicted the defendant in that case of speeding after stating that it would not use the laser evidence. Therefore, our court has not addressed this issue.

To prevail on a claim of plain error a defendant must show that an error occurred, that the error was plain, and that but for the error, the outcome of the trial clearly would have been otherwise. State v. Mammone , 139 Ohio St.3d 467, 2014-Ohio-1942, 13 N.E.3d 1051, ¶ 69.