[Cite as *State v. Rogers*, 2019-Ohio-483.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2018 AP 07 0028 |
| DAVID E. ROGERS | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Criminal appeal from the Tuscarawas
County Court of Common Pleas, Case No.
2017 CR 04 0103

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     February 11, 2019

APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

MICHAEL ERNEST             JASON JACKSON
Assistant Prosecuting Attorney             Box 308
125 East High Avenue             Uhrichsville, OH 44683
New Philadelphia, OH 44663

*Gwin, P.J.*

{¶1} Appellant David E. Rogers ["Rogers"] appeals his conviction and sentence after a jury trial in the Tuscarawas County Court of Common Pleas.

*Facts and Procedural History*

{¶2} Rogers was driving a car owned by a friend. The friend was in the backseat. She was not driving because her license is under suspension. Sergeant Joel Smith of the Ohio State Highway Patrol testified that he witnessed a vehicle cross the white fog line three times, and, shortly thereafter, made a traffic stop. The stop and subsequent encounter were recorded on the camera in Sergeant Smith's cruiser. (State's Exhibit A).

{¶3} Sergeant Smith approached the vehicle and initially spoke with Rogers. Sergeant Smith testified that he smelled burnt marijuana as soon as he approached the vehicle and at that time called for the drug dog. Sergeant Smith then removed Rogers from the vehicle and left two persons inside the vehicle, unattended, for a total of fourteen minutes.

{¶4} When the dog arrived, the two passengers were removed from the vehicle. The male passenger was placed in a vehicle with Rogers. The female passenger was placed in another Trooper's vehicle. During the search, the dog indicated on the vehicle and the Troopers searched the vehicle.

{¶5} While searching the vehicle the Troopers found a needle that appeared to be full of a brown liquid on the floorboard beside the driver's seat along with a rubber hose and a pack of rolling papers. The camera located in the cruiser picked up a voice, which Sergeant Smith testified was Rogers, saying, "They found it." The other male passenger states that he cannot go back to jail. Rogers then says, "It's mine, I'll take it, you know me." [Appellant's Brief

at 1; State's Brief at 2]. Sergeant Smith testified that he then informed the occupants of the vehicle about the items that he had found and everyone denied any knowledge of the materials being in the vehicle. The contents of the needle were then packaged and mailed to the Ohio State Highway Patrol Crime Lab for testing.

{¶6} The state called Jaqueline Smith of the Ohio State Highway Patrol Crime Lab. Ms. Smith testified that she is a criminalist. Ms. Smith indicated that a criminalist tests the evidence submitted by troopers and other outside agencies for the presence or absence of controlled substances. According to Ms. Smith, the substance found within the syringe was Carfentanyl, a Schedule II Controlled Substance. (T. at 118 - 119). Rodgers did not testify and presented no evidence.

{¶7} The jury found Rogers guilty of one count of Aggravated Possession of Drugs in violation of R.C. 2925.11, a felony of the fifth degree. By Judgment Entry filed June 27, 2018, the trial court sentenced Rogers to three years of community control sanctions with a 12-month prison sentenced reserved. Rogers was given credit for 179 jail days.

*Assignment of Error*

{¶8} Rogers raises one assignment of error,

{¶9} "I. THE CONVICTION OF DAVID ROGERS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

*Law and Analysis*

{¶10} Rogers argues the weight of the evidence supports that the passenger had the opportunity, i.e. 14 minutes in the vehicle unsupervised and a motive, i.e. not wanting to go back to jail, to frame Rogers. [Appellant's Brief at 4].

**STANDARD OF APPELLATE REVIEW.**

{¶11} Concerning the weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668, 1997–Ohio–355; *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001).

> "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.
>
> * * *
>
> "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶12} The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001). Because the trier of fact sees and hears the witnesses and is particularly competent to decide whether, and to what extent, to credit the testimony of particular witnesses, the appellate court must afford substantial deference to its determinations of credibility. *Barberton v. Jenney,* 126 Ohio St.3d 5, 2010–Ohio–2420, 929 N.E.2d 1047, ¶ 20*, superseded by statute on other grounds as stated in In re Z.E.N.,* 4th Dist. Scioto No. 18CA3826, 2018-Ohio-2208, ¶ 27*.* In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of

events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002–Ohio–1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125 (7th Dist. 1999). Thus, an appellate court will leave the issues of weight and credibility of the evidence to the fact finder, as long as a rational basis exists in the record for its decision. *State v. Picklesimer*, 4th Dist. Pickaway No. 11CA9, 2012–Ohio–1282, ¶ 24.

{¶13} Once the reviewing court finishes its examination, an appellate court may not merely substitute its view for that of the jury, but must find that " 'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins, supra*, 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id.

### ISSUE FOR APPEAL.

***A. Whether the jury clearly lost their way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.***

{¶14} R.C. 2925.01(K) defines possession as follows: " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D)(1).

{¶15}   Possession may be actual or constructive.  *State v. Butler*, 42 Ohio St.3d 174, 176, 538 N.E.2d 98(1989).  To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband.  *State v. Wolery*, 46 Ohio St.2d 316, 332, 348 N.E.2d 351(1976).   Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93 (8th Dist. 2000).  Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Butler, supra*; *State v. Morales*, 5th Dist. Licking No.2004 CA 68, 2005-Ohio-4714, ¶ 50.   Ownership of the contraband need not be established in order to find constructive possession. *State v. Smith*, 9th Dist. Summit No. 20885, 2002-Ohio-3034, ¶13.  Furthermore, possession may be individual or joint.  *Wolery*, 46 Ohio St.2d at 332, 348 N.E.2d 351.  Multiple individuals may constructively possess a particular item simultaneously.  *State v. Pitts*, 4th Dist. Scioto No. 99 CA 2675, 2000-Ohio-1986.  The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession.  *State v. Hankerson,* 70 Ohio St.2d 87, 91, 434 N.E.2d 1362, 1365(1982), *certiorari denied* (1982), 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130.

{¶16}   If the state relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "'such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.'"  *State v. Jenks*, 61 Ohio St. 3d 259, 272, 574 N.E. 2d 492(1991) at paragraph one of the syllabus.  "'Circumstantial evidence and direct evidence inherently possess the same probative value [.]'"  *Jenks*, 61 Ohio St .3d at paragraph one of the syllabus.    Furthermore, "'[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the

jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt.'" *Jenks,* 61 Ohio St. 3d at 272, 574 N.E. 2d 492.

{¶17}  In *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777(1979), the United States Supreme Court upheld a statute which provided that the presence in an automobile, other than a public one, of a firearm "is presumptive evidence of its possession by all persons occupying such automobile at the time except (a) where the firearm is found upon the person of an occupant, (b) where the automobile is being operated for hire by a licensed operator or (c) if the weapon is a handgun and one of the occupants, not present under duress, has a license to have a handgun." Id. at 442 U.S. 142-143, 99 S.Ct. 2217.  The Court noted that the presumption was not mandatory; rather it was a permissive inference available only in certain circumstances.  Further, the jury could ignore the presumption even if there was no affirmative proof offered in rebuttal by the accused.  Id. at 160-162, 99 S.Ct. at 2226-2227.  Finally, the trial judge in *Allen* explained, "that possession could be actual or constructive, but that constructive possession could not exist without the intent and ability to exercise control or dominion over the weapons."  Id. at 161, 99 S.Ct. at 2226.

{¶18}  In the case at bar, Rogers was driving the car.  The drugs were found next to the seat upon which he had been sitting.  Rogers argues that he was unaware of the drugs and that other individuals in the car had a motive to frame him.

{¶19}  The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility.  "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence."  *State v. Craig*, 10th Dist. Franklin No. 99AP–739, 1999 WL

29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus*, superseded by State constitutional amendment on other grounds as stated in State v. Smith,* 80 Ohio St.3d 89, 102 at n. 4, 684 N.E.2d 668 (1997).

**{¶20}** In the case at bar, the jury heard the witnesses, viewed the evidence and heard Rogers' attorney's arguments and explanations about Rogers, the others inside the car and the investigating officers' actions. The jury was able to see for themselves Sergeant Smith subject to cross-examination. The jury had a real-time recording of the traffic stop and the encounter. Thus, a rational basis exists in the record for the jury's decision.

**{¶21}** We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The jury neither lost his way nor created a miscarriage of justice in convicting Rogers of aggravated possession of drugs.

**{¶22}** Based upon the foregoing and the entire record in this matter we find Rogers' conviction for aggravated possession of drugs is not against the manifest weight of the evidence.  To the contrary, the jury appears to have fairly and impartially decided that matter.  The jury heard the witnesses, evaluated the evidence, and was convinced of Rogers' guilt of aggravated possession of drugs.

**{¶23}**  Rogers' sole assignment of error is overruled.

**{¶24}** The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur